Celso Carlos MORENO, Plaintiff,

v.

SMALL BUSINESS ADMINISTRATION, an agency of the United States of America; and James Abdnor, its Administrator; James C. Sanders; Richard D. Durkin; James L. Charney; J. Fred Herlocker; Robert A. Turnbull; James N. Thomson; Gene Graves; and Donald W. Showalter, Defendants.

No. Civ. 3–87–239.

United States District Court,
D. Minnesota,
Third Division.

March 22, 1988.

Jack D. Elmquist, Jack D. Elmquist Law Offices, Minneapolis, Minn., for plaintiff.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for defendants Small Business Admin., James Abdnor, James Sanders, Richard Durkin, James Charney, J. Fred Herlocker, Robert Turnbull, James Thomson, and Gene Graves.

Arlene Messinger, Washington, D.C., for defendant Small Business Admin.

Frederick W. Morris, Minneapolis, Minn., for defendant Donald W. Showalter.

## MEMORANDUM AND ORDER

DEVITT, District Judge.

The government has moved for dismissal of this action for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

## BACKGROUND

For purposes of this motion, the facts are alleged in plaintiff's complaint are assumed to be true. According to the complaint, the plaintiff is a management level employee in the Small Business Administration (SBA) who held the position of District Director of SBA's Minneapolis District Office from November 1982 through July 1985. Shortly after his appointment to this position he began receiving reports of improprieties in the Minnesota District portfolio of minority contracting awards (8(a) contracts). Plaintiff relayed these reports to the Inspector General of the SBA and a full investigation and criminal prosecutions followed.

In March of 1985, plaintiff was informed that he had been selected to fill a vacancy in a pilot position entitled Regional Director for Private Sector Initiatives. Plaintiff's position was the only one of its kind. In December of 1986, plaintiff was informed that his position was being abolished and that there were no positions in his competitive area to which he was entitled. Plaintiff was placed in a downgrade position as Assistant District Director for Business Development in Cleveland, Ohio.

Essentially, plaintiff alleges that he was placed in a deliberately temporary, experimental position and then in a downgrade position in retaliation for "whistle-blowing" by conveying reports of improprieties to the Inspector General. He also alleges racial discrimination. He has instituted this action against the SBA and individually against nine employees or former employees of the SBA.

## COUNT I—CONSPIRACY

In Count I, plaintiff alleges that defendants conspired to violate plaintiff's first amendment rights in violation of 42 U.S.C. sections 1985 (1) and (3). The government makes three arguments in support of its claim that Count I fails to state a claim. The government claims that the administrative grievance and review system of the Civil Service Reform Act (CSRA) provides an exclusive remedy for federal employees with employment related claims, precluding an action under Section 1985. The government cites *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed. 2d 648 (1983), in support of this argument. However, *Bush v. Lucas* determined only that a nonstatutory cause of action should not be judicially created for federal employee grievances that could be redressed through the administrative system established by Congress. *Bush v. Lucas* does not hold or suggest that the CSRA precludes other statutory causes of action.

The government next argues that because Section 1985 confers enforcement not substantive rights, plaintiff should pursue any rights conferred by the CSRA under its own enforcement provisions. While it is true that Section 1985 creates no substantive rights, *Great American Savings and Loan Ass'n v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), a close reading of the complaint shows that Count

I alleges a conspiracy by defendants to deprive whistle-blowers of equal protection of their rights conferred by the first amendment. Thus, the government's argument that CSRA rights must be pursued under the remedial provisions of the Act does not demonstrate a failure to state a claim in Count I.

■ The government also contends that plaintiff has failed to allege a class based animus and purposeful discrimination, necessary elements of a Section 1985(3) action. However, whistle-blowers have been designated as a "class" within the meaning of Section 1985(3), as have political opponents, supporters of a political candidate, and even a single family. *Lapin v. Taylor*, 475 F.Supp. 446, 450 (D.Hawaii 1979), citing *Life Ins. Co. of North American v. Reichardt*, 591 F.2d 499 (9th Cir.1979); *Means v. Wilson*, 522 F.2d 833 (8th Cir.1975); *Cameron v. Brock*, 473 F.2d 608 (9th Cir. 1973); *Azar v. Conley*, 456 F.2d 1382 (6th Cir.1972). Thus, Count I's allegations of low performance ratings and reassignment in retaliation for whistle-blowing state a cause of action under 42 U.S.C. Sections 1985(1) and (3).

## COUNT II—RACIAL DISCRIMINATION

In Count II, plaintiff alleges racial discrimination in violation of 42 U.S.C. Section 1981. The government contends that plaintiff has failed to state a claim for racial discrimination, arguing that Title VII provides the exclusive remedy for federal employees alleging such discrimination. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed. 2d 402 (1970); *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir.1984).

The government also noted that even if Title VII had been invoked, the complaint would be deficient because of plaintiff's failure to exhaust his administrative remedies under Title VII for his claim of discrimination. It is well established that a plaintiff must exhaust its administrative remedies in a Title VII action before seeking judicial redress. *See* 42 U.S.C. Section 2000e–16(c); *McIntosh v. Weinberger*, 810 F.2d 1411, 1424 (8th Cir.1987). Finally, the government argues that a Title VII complaint may only be taken against the head of the involved agency in his or her individual capacity. *See, e.g., Cooper v. U.S. Postal Service*, 740 F.2d 714, 715–716 (9th Cir.1984).

Plaintiff admits his failure to exhaust his administrative remedies and does not contest the government's argument that Title VII preempts Section 1981 in this context. Consequently, the motion to dismiss is granted with respect to this Count.

## COUNT III—CONSTITUTIONAL TORT

■ Count III alleges that defendants individually and jointly acted in violation of his first amendment rights by effecting plaintiff's lateral transfer and demotion in retaliation for whistle-blowing. He seeks recovery of damages on a *Bivens*-type theory.

The government contends that a *Bivens* remedy is unavailable for claims arising out of a federal employment relationship, citing *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *McAlister v. Ulrich*, 807 F.2d 752, 753 (8th Cir. 1986); *Premachandra v. United States*, 739 F.2d 392, 394 (8th Cir.1984).

While the language of these cases appears to support the government's contention at first reading, upon closer analysis, their reasoning does not apply in this instance.

The Court in *Bush* declined to fashion a *Bivens* remedy for an alleged violation of a federal employee's first amendment rights by his superiors. The Court declined to create a *Bivens* remedy to augment the comprehensive administrative redress system that had been established for most federal employment actions:

> Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies. Constitutional

challenges to agency action, such as the First Amendment claims raised by petitioner, are fully cognizable within this system.

*Bush v. Lucas,* 462 U.S. at 386–387, 103 S.Ct. at 2415. It is clear that the Supreme Court found the comprehensiveness of the system, including intra-agency remedies, appeals to the Merit Systems Protection Board (MSPB), and judicial review, vital to its decision not to create a *Bivens* remedy. Furthermore, the concurring opinion of Justice Marshall makes it clear that "there is nothing in today's decision to foreclose a federal employee from pursuing a *Bivens* remedy where his injury is not attributable to personnel actions which may be remedied under the federal statutory scheme." *Bush v. Lucas,* 462 U.S. at 391, 103 S.Ct. at 2418.

As pointed out by the plaintiff, the action he complains of, transfer and demotion in retaliation for whistle-blowing, is not subject to review by the MSPB and judicial review as an adverse employment action. *See* 5 U.S.C. § 7512(E). Rather, a charge of retaliation for whistle-blowing is an accusation of a "prohibited personnel practice" which is investigated by the Office of the Special Counsel (OSC). *See* 5 U.S.C. Section 1206(a)(1). This distinguishes plaintiff's claim from that in *Bush v. Lucas* and the other cases cited by the government.

The OSC is solely responsible for handling claims of retaliation for whistle-blowing. If the OSC determines that there are reasonable grounds to believe a charge of retaliation, the matter may be referred to the MSPB for corrective action. 5 U.S.C. Sections 1206(c)(1)(A) and (B). The MSPB has no jurisdiction over whistle-blowing claims unless they are referred from the OSC. *Perez v. Army and Air Force Exchange Service,* 680 F.2d 779 (D.C.Cir. 1982). In addition, the full panoply of due process procedures afforded a complainant before the MSPB in an "adverse action" proceeding are not followed by the MSPB in determining what corrective action is needed in a "prohibited personnel practices" action. *Special Counsel v. Dept. of Army,* 16 M.S.P.R. 178 (MSPB 1983) (No

evidentiary hearing required on issue of corrective action). Finally, the CSRA makes no provision for judicial review of OSC determinations. *Broadway v. Block,* 694 F.2d 979 (5th Cir.1982).

Thus, the conclusion in *Bush v. Lucas* that Constitutional challenges are "fully cognizable within" the CSRA system is not equally applicable to "adverse actions" and complaints of "prohibited personnel practices." *Bush v. Lucas* and the other cases cited by the government are distinguishable from this case because they were decided in the context of MSPB review; a more comprehensive remedial system than the OSC provides.

The government cites only one case, a district court case from the District of Illinois, which directly supports its claim that a *Bivens* action is unavailable for a claimed prohibited personnel practice. *Watson v. U.S. Dept. of Housing and Urban Development,* 576 F.Supp. 580 (N.D.Ill.1983). The Court finds it unpersuasive and denies defendant's motion with respect to Count III.

## COUNTS IV, V AND VII—COMMON LAW TORT CLAIMS

 In these counts, plaintiff alleges defamation, tortious interference with contractual relations, and intentional infliction of emotional distress. The government contends that defendants have absolute immunity from claims for money damages for these torts.

The parties agree that federal employees are immune from liability for their tortious acts if two conditions are satisfied. The acts must be within the outer perimeter of their duties and an appropriate exercise of their discretion. *Barr v. Matteo,* 360 U.S. 564, 574, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959). The government contends that the acts complained of meet these two conditions. Plaintiff answers that the determination of whether the conditions are satisfied necessarily involves questions of fact, making a motion for dismissal inappropriate.

Issues of fact are involved. The plaintiff may be able to prove a set of facts which would support its claim of liability and defeat the defense of immunity if he can show the defendants acted tortiously and were not acting within the scope of their legitimate authority. Dismissal of the motion would be inappropriate at this juncture.

Accordingly, the Courts orders that defendant's motion to dismiss is GRANTED with respect to Count II of the complaint and DENIED with respect to the remaining counts.