Queenie MITCHELL, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. W–88–CA–233.

United States District Court,
W.D. Texas,
Waco Division.

April 6, 1989.

Jon R. Ker, Hewitt, Tex., for plaintiff.

Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., for defendant.

MEMORANDUM OPINION
AND ORDER

WALTER S. SMITH, Jr., District Judge.

In this case, Plaintiff Queenie Mitchell seeks recovery for assault and battery. Plaintiff originally sued the alleged perpetrator, Major Deborah Carlson, in state court. The case was removed to this Court, and the United States was subsequently substituted as a party defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694 (November 18, 1988) ("Liability Reform Act").[1] By its own motion, the Court has determined that

---

1. The Act comprises several amendments to the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671, *et seq.*

it is without jurisdiction to hear this case. As a result, the case must be dismissed.

### Factual Background

In June, 1986, Plaintiff was employed as a Nurse Assistant at Darnell Army Community Hospital in Killeen, Texas. Major Deborah Carlson, an officer in the United States Army, is a Nurse Midwife at Darnell Hospital. Apparently, one of the duties of a Nurse Midwife is to provide guidance and instruction for Nurse Assistants.

On June 11, 1986, two patients' blood pressure records were inadvertently switched. Major Carlson confronted the Plaintiff and accused her of being responsible for the incident. Plaintiff alleges that during this confrontation Carlson struck her, causing serious damages.

Plaintiff filed suit for assault and battery against Carlson, in her individual capacity, in state court. Carlson then removed to this Court. On January 12, 1989, the United States filed a Notice of Substitution and Application for Order Thereon, informing the Court of the substitution of the United States as a party defendant pursuant to Section 6 of the Liability Reform Act of 1988, *amending* 28 U.S.C. Section 2679(d). The Court entered an order dismissing Major Carlson and substituting the United States as party defendant.

### The Act

On November 18, 1988, the Federal Employees Liability Reform and Tort Compensation Act of 1988 was enacted, amending several sections of the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671, *et seq.* ("F.T.C.A."). The announced purpose of the Act was to "protect federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of federal employees with an appropriate remedy against the United States." Liability Reform Act, Section 2(b). Congress passed the Act in response to the gradual erosion of the sovereign immunity of federal employees because of judicial decisions such as *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988).[2] Liability Reform Act, Section 2(a). To achieve this purpose, the Act states that the remedies provided by 28 U.S.C. Sections 1346(b), 2672 are to be the *exclusive* remedy for torts committed by federal employees while acting in the scope of their employment, and precludes any action against the employee himself.[3] *Id.* at Section 5 of the Act, *amending* 28 U.S.C. Section 2679(b).

When suit is originally brought against an individual federal employee, the Act provides that the United States "shall be substituted as the party defendant" upon certification by the Attorney General that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* at Section 6, *amending* 28 U.S.C. section 2679(d). Upon certification, the action is simply to be "deemed an action against the United States." *Id.* By using the words *"shall* be substituted" and *"shall* be deemed" Congress has expressed its intent that the substitution of the United States as party defendant be the *automatic* result of certification by the Attorney General that the employee was acting within the scope of his office.[4]

Once the United States has been substituted as the party defendant, the suit is to proceed in the "same manner as any action against the United States," Section 6 of the Liability Reform Act, and the defen-

---

2. In *Westfall v. Erwin*, the Supreme Court determined that in order for a federal employee to be entitled to immunity the challenged conduct must be discretionary in nature, and the contribution of immunity to effective government must outweigh the harm to individual citizens. *Westfall*, 108 S.Ct. at 583–585.

3. There are two exceptions in which suit may still be maintained against the individual federal employee: suits for violations of the United States Constitution and suits for violations of Federal Statutes that otherwise authorize suit against the individual. Neither exception is applicable here.

4. Indeed the Act makes no provision for judicial review of the Attorney General's determination that an employee was acting within the scope of his employment.

dant United States can assert any defenses that would have been available to the employee, as well as any defenses to which the United States itself is entitled. *Id.* at Section 4, *amending* 28 U.S.C. Section 2674. The end result of these provisions is that in order for a Plaintiff to recover for a tort committed by a federal employee, whom the Attorney General is willing to certify was acting within the scope of his employment, he must have a claim otherwise cognizable against the United States under the Federal Tort Claims Act.

### The Instant Case

■ The amendments to the F.T.C.A. apply to the present case by virtue of Section 8(b) of the Liability Reform Act, which provides that the Act applies to all claims or civil actions pending on the date of the enactment of the Act.

On January 10, 1989, the United States Attorney for the Western District of Texas executed a certification that Major Carlson was acting in the course and scope of her employment at the time of the incident alleged in the complaint. On January 12, 1989 the United States filed its Notice and Motion seeking to be substituted as party defendant. The Court entered an order dismissing Carlson and making the United States the defendant in the case. Under the statute, the case should now proceed as any other suit against the United States, and the United States may assert any defense to which it would normally be entitled.

The United States, as a sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Kawananakoa v. Polyblank,* 205 U.S. 349, 27 S.Ct. 526, 51 L.Ed. 834 (1907). As a general rule, the United States is liable, if at all, only under the F.T.C.A. *See* W. Prosser & W. Keeton, The Law of Torts, Section 131 (5th ed. 1984). Thus, unless the F.T.C.A. provides a waiver of sovereign immunity in this case, Plaintiff cannot recover from the United States.

Section 2680(h) of Title 28 of the United States Code expressly excepts suits for assault and battery from the F.T.C.A.'s waiver of immunity. Simply put, the F.T.C.A. does not provide a remedy against the United States for the assaults and batteries of its employees. Plaintiff, therefore, is barred by sovereign immunity from recovering on her assault and battery claim in the present case.

■ Where no consent to suit exists under the F.T.C.A., a district court is without jurisdiction to entertain a suit against the United States. *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1156 (5th Cir.1981). Accordingly, the court lacks subject matter jurisdiction to hear the present case. A district court must dismiss a case over which it has no jurisdiction whenever the fatal defect appears. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,* 549 F.2d 368, 391 (5th Cir.1977); *see also* Fed.R.Civ.P. 12(h)(3). Therefore, the present case is subject to dismissal, and the Court could do so on its own motion.

This would be an unfortunate result, and quite possibly one not foreseen by Congress in passing the Act. One of the express goals Congress was seeking to achieve by amending the F.T.C.A. was to provide a remedy against the United States to persons injured by the common law torts of federal employees. However, the F.T.C.A. simply does not provide a remedy against all types of torts, as evidenced by the exclusion of several intentional torts (such as assault and battery) under 28 U.S.C. Section 2680(h). Since the Liability Reform Act denies any recovery against individual federal employees whom the Attorney General is willing to certify were acting within the scope of their employment, the net result of the Federal Employees Liability Reform and Tort Compensation Act will be to leave persons injured by the assaults and batteries of federal employees completely without a remedy if the Attorney General certifies that the employee was acting within the scope of his employment. That result may be inconsistent with the stated purpose of the Act, but the

language of the F.T.C.A. and its new amendments is clear.

However, in this case, such an unjust result is not necessary since this matter was removed from state court. Having determined that this Court is without jurisdiction, this case should be remanded. Accordingly, it is

ORDERED as follows:

1) The United States is DISMISSED as a Defendant herein.

2) The Order dismissing Deborah Carlson as Defendant is set aside, and she is reinstated as a Defendant *in her individual capacity only.*

3) This case is REMANDED to the County Court at Law of Bell County, Texas, because it was removed improvidently and without jurisdiction.

4) All other pending motions are DENIED as being moot.