879 F.2d 98
 50 Fair Empl.Prac.Cas. 813,
50 Empl. Prac. Dec. P 39,180,
4 Indiv.Empl.Rts.Cas. 1247
Joe JORDAN, Plaintiff-Appellant,
v.
Jennifer C. HUDSON, James Allen Kidd, Ashley G. Watson, III,
Defendants-Appellees.
 No. 88-2893.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 8, 1989.
Decided May 12, 1989.
 
 Robert Patrick Geary, Richmond, Va., for plaintiff-appellant.
 Robert William Jaspen, Asst. U.S. Atty., Richmond, Va., (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for defendants-appellees.
 Before ERVIN, Chief Circuit Judge, CHAPMAN, Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 This appeal arises from an action filed by Joe Jordan, a Postal Service employee and former Postmaster of the South Hill, Virginia, post office, against three former subordinates. The three defendants had testified against Jordan in proceedings investigating allegations made by one of the defendants, Jennifer C. Hudson, that Jordan had sexually harassed her. In the present action, Jordan alleges that defendant Hudson's complaint of sexual harassment was contrived in retaliation for undesirable work assignments, and that the other two defendants conspired with Hudson to testify falsely in support of the allegation in order to have Jordan discharged or reprimanded. Plaintiff appeals an order granting summary judgment in favor of defendants. We substitute the United States as the party defendant, and we affirm.
 
 
 2
 In April 1985, defendant Hudson contacted an Equal Employment Opportunity counselor to complain that her immediate supervisor and South Hill Postmaster, plaintiff Joe Jordan, had sexually harassed her. The Sectional Center Manager, who was Jordan's supervisor, made note of the allegations and placed Jordan on an off-duty status pending a full investigation. Following an investigation, the Postal Service initially proposed that Jordan be discharged. The Service held further administrative proceedings and in November 1985 decided to demote Jordan to the position of distribution clerk and reassign him to another post office. It concluded Jordan had engaged in conduct unbecoming a postal employee.
 
 
 3
 Jordan appealed this decision, pursuant to 5 U.S.C. Secs. 7701 et seq., to the Merit Systems Protection Board. The Board held an administrative hearing where postal service employees, including the defendants, testified under oath and subject to cross-examination. The Service's action in transferring and demoting Jordan was upheld. The full Board rejected Jordan's petition for review, and the Court of Appeals for the Federal Circuit affirmed the Board's decision. Jordan v. U.S. Postal Service, 824 F.2d 978 (Fed.Cir.1987). Plaintiff then filed the present action and states two causes of action in his complaint. First, Jordan contends that each defendant, in violation of Virginia common law, tortiously interfered with his contractual relationship with the U.S. Postal Service. Second, he alleges that the defendants engaged in a conspiracy to injure him in his "reputation, trade, business or profession," in violation of Virginia Code Secs. 18.2-499 and 18.2-500.
 
 
 4
 This action, initially filed in the Circuit Court of Mecklenburg County, was removed to the U.S. District Court. In July 1988, the district court granted the defendants' motion for summary judgment on all counts. Jordan v. Hudson, 690 F.Supp. 502 (E.D.Va.1988). Relying on the Supreme Court's analysis in Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), the district court found the defendants insulated from personal liability to the plaintiff and immune from state law tort actions predicated upon their roles in the discussions and investigations relating to alleged acts of sexual harassment. The district court also dismissed Jordan's claim based on Va.Code Secs. 18.2-499 and 18.2-500, because it failed to state a claim upon which relief may be granted. Jordan, 690 F.Supp. at 508.
 
 
 5
 During the pendency of this appeal, Congress enacted legislation which expressly displaces Westfall[1] and affords protection to federal employees from personal liability for common law torts committed within the scope of their employment. Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. Law No. 100-694, Secs. 5, 6, 102 Stat. 4564 (codified as amended at 28 U.S.C. Sec. 2679 (Supp.1989)). The Act provides in pertinent part that
 
 
 6
 (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. Section 6
 
 
 7
 Prior to oral argument, the government moved that the United States be substituted as the named defendant in this action and that the matter be remanded to district court for further proceedings against the United States pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988.
 
 
 8
 Remand to the district court of the common law tort cause of action will serve no useful purpose because it has already found that the defendant employees were acting within the scope of their office and were exercising discretion. 28 U.S.C. Sec. 2680(a) excepts the United States from liability as to any claim based upon the act or omission of any employee performing a discretionary function. We find that the district court's conclusions are correct as to each cause of action, therefore, we substitute the United States as the party defendant, and we affirm.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Sec. 2 Findings and Purposes
 (a) Findings.--The Congress finds and declares the following:
 (3) Because Federal employees for many years have been protected from personal common law tort liability by a broad based immunity, the Federal Tort Claims Act has served as the sole means for compensating persons injured by the tortious conduct of Federal employees.
 (4) Recent judicial decisions, and particularly the decision of the United States Supreme Court in Westfall v. Erwin, have seriously eroded the common law tort immunity previously available to Federal employees.
 (5) This erosion of immunity of Federal employees from common law tort liability has created an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire Federal workforce.