877 F.2d 715
 Celso Carlos MORENO, Appellee,
v.
SMALL BUSINESS ADMINISTRATION, an Agency of the United
States of America, James Abdnor, its administrator, James C.
Sanders, Richard C. Durkin, James L. Charney, J. Fred
Herlocker, Robert A. Turnbull, James N. Thomson, Gene
Graves, and Donald W. Showalter, Appellants.
 No. 88-5274.
 United States Court of Appeals,
 Eighth Circuit.
Submitted March 13, 1989.
Decided June 16, 1989.
 
 John P. Schnitker, Washington, D.C., for appellants.
 Thomas F. Surprenant, Minneapolis, Minn., for appellee.
 Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 The Small Business Administration and the individual federal employees[1] bring this collateral-order interlocutory appeal, objecting to the district court's denial of the SBA's motions for dismissal and/or partial summary judgment, 681 F.Supp. 1370 (1988). We reverse in part and, in the light of the enactment of the Federal Employees Liability Reform and Tort Compensation Act of 1988, remand for proceedings.
 
 
 2
 In 1984, Celso Carlos Moreno disclosed to the Inspector General of the SBA certain improprieties between an SBA employee and a minority business. At the time Moreno made this disclosure, he was District Director for the SBA's Minneapolis office. The SBA later transferred Moreno to a one-of-a-kind newly created position in Chicago. In late 1986, the SBA eliminated the Chicago position and offered Moreno a down-grade position in Cleveland, Ohio.
 
 
 3
 Moreno filed suit against the SBA for retaliation, alleging conspiracy to violate his civil rights under 42 U.S.C. Sec. 1985(1), (3); racial discrimination in violation of 42 U.S.C. Sec. 1981; violation of his first amendment rights; and common-law claims of defamation, tortious interference with contractual relations, and intentional infliction of emotional distress. The SBA moved for dismissal and/or partial summary judgment on the grounds of lack of jurisdiction and failure to state a claim upon which relief might be granted. Among other preliminary defenses, the SBA alleged absolute immunity from the common-law claims and qualified immunity from the constitutional claim. In two separate orders, the district court granted dismissal of the racial discrimination claim and the civil rights claim, but denied the motion in all other respects. The SBA appeals.
 
 
 4
 Although a denial of summary judgment normally is not appealable, we have jurisdiction here because rejection of a claim for absolute or qualified immunity is immediately appealable. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Wright v. South Arkansas Regional Health Center, 800 F.2d 199, 202-03 (8th Cir.1986). We also have jurisdiction over the other claims because "when an interlocutory appeal is properly before us under Mitchell * * *, we have jurisdiction also to decide closely related issues of law." Drake v. Scott, 812 F.2d 395, 399 (8th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); see also Wright, 800 F.2d at 202-03. Resolution of the constitutional claim and the common-law tort claims will dispose of the immunity questions, and we may therefore address them.
 
 
 5
 The SBA first claims that Moreno cannot bring an action in constitutional tort--a so-called Bivens[2] action--because Congress has comprehensively addressed adverse actions and prohibited personnel practices through the Civil Service Reform Act of 1978. We recently addressed this issue in McIntosh v. Turner, 861 F.2d 524 (8th Cir.1988). There, we held that under Schweiker v. Chilicky, --- U.S. ----, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the remedies provided by the CSRA barred a Bivens action. Id. at 526; see also Spagnola v. Mathis, 859 F.2d 223 (D.C.Cir.1988). As a matter of law, Moreno has no constitutional tort cause of action, and the question of qualified immunity regarding such an action is thus moot.
 
 
 6
 The parties agree that the enactment of the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100-694, 102 Stat. 4563 (1988), requires us to remand to the district court. This legislation became effective on November 18, 1988, and applies to all cases that were pending on that date. The Act provides that when a federal employee who was acting within the scope of his employment is sued for a common-law tort, the United States is substituted as a party defendant, and the exclusive remedy lies under the Federal Tort Claims Act against the United States. Id. Secs. 5, 6. The federal employee has absolute immunity for all acts within the scope of his employment.
 
 
 7
 Here, the Director of the Tort Branch of the Department of Justice's Civil Division has certified that the individual defendants were acting within the scope of their employment as employees of the United States at the time the alleged retaliatory actions took place. Accordingly, the United States must be substituted as the party defendant in the place of the individual defendants. In the light of this disposition, the SBA's claim of absolute immunity is moot.
 
 
 8
 The district court's denial of summary judgment on the constitutional tort issue is reversed. The case is remanded with directions to dismiss that claim with prejudice and to conduct further proceedings under the Federal Employees Liability Reform and Tort Compensation Act of 1988.
 
 
 
 *
 The HONORABLE EARL R. LARSON, United States Senior District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The individual federal employee defendants and the Small Business Administration will be referred to collectively as SBA
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)