**S.J. AND W. RANCH, INC., Plaintiff,**

v.

**Dexter LEHTINEN, Defendant.**

**No. 88–14213–CIV.**

United States District Court,
S.D. Florida.

Aug. 9, 1989.

Alan P. Dagen, Asst. U.S. Atty., Miami, Fla., for plaintiff.

J. David Pobjecky, Winterhaven, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendant's Motion For Summary Judgment. The court has made an exhaustive review of the motion and has considered plaintiff's response and, being otherwise duly advised finds as follows:

### Procedural History

On November 21, 1988, plaintiff filed a lawsuit in the Florida Circuit Court in Okeechobee County, alleging libel, slander and invasion of privacy against Dexter Lehtinen, the United States Attorney for the Southern District of Florida. The Complaint stems from alleged slanderous and libelous statements Mr. Lehtinen made at a press conference on September 15, 1988.

On December 8, 1988, John J. Farley, III, Director of the Civil Division, Torts Branch, United States Department of Justice, certified, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), that Mr. Lehtinen was acting within the course and scope of his employment at the time he made the statements.

On December 9, 1988, the United States filed a Petition For Removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 2679(d)(2). The United States also filed a Motion To Substitute the United States as Defendant. On January 12, 1989, plaintiff filed a Motion To Remand claiming that permitting the Attorney General's certification of scope of employment to conclusively determine the substitution of the United States as a defendant violated plaintiff's right of

due process and right to jury trial. Plaintiff requested an evidentiary hearing on the scope of employment issue.

On February 20, 1989, this Court entered an Order which, in effect, stayed all proceedings in the case except for an inquiry into this Court's subject matter jurisdiction. This Court reserved ruling on the Motion To Substitute and the Motion to Remand and allowed the government to "intervene" for the limited purpose of conducting discovery solely to the issue of whether Mr. Lehtinen was acting within the course and scope of his employment at the time he made the statements at issue.

In light of defendant's Motion For Summary Judgment and the arguments contained therein, the court has reconsidered its February 20, 1989 Order and finds that the Attorney General's certification of scope of employment is not subject to judicial review and is conclusive and binding upon this Court.

### Discussion

■ In 1988, Congress amended the FTCA to grant federal employees broad immunity from state law suits based on common law tort claims. The amendment provides that:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's state is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). Congress has provided a specific mechanism for determining when federal employees are acting within the scope of their employment, and are thus personally immune from suit. Section 2679(d)(2) provides in pertinent part that:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

*Id.* The wording of the statute is mandatory in that it requires the United States to be substituted as a defendant upon the Attorney General's certification. The statute does not provide for judicial review of the Attorney General's grant of a "scope" certification. In fact, the intent of Congress to preclude review of the *granting* of a scope certification is evident from the statutory provisions for review of a *denial* of a scope certification. Congress provided a narrow and specific mechanism for judicial review of a scope certification but only when the federal employee who is the target of the suit and who has been denied the scope certification requests judicial review. 28 U.S.C. § 2679(d)(3). In cases where the Attorney General grants the certification, the certification *shall* result in substitution of the United States as the defendant and shall be conclusive for purposes of removal.

Not only does the amended FTCA not provide for judicial review of scope certification, but the statute affirmatively precludes such review by denying the courts subject matter jurisdiction to decide the

issue. 28 U.S.C. § 2679 specifically mandates that, upon certification:

> any action or proceeding subject to paragraph (1) [actions filed in federal court where Attorney General has authority to certify scope], (2) [actions removed from state court where Attorney General has authority to certify scope], or (3) [actions where the district court has authority to certify scope after Attorney General's denial] shall proceed in the same manner as any action against the United States files pursuant to 28 U.S.C. § 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

Congress has placed exact limits on the federal court's ability to entertain common law tort claims against federal employees. When the Attorney General certifies that the employee was acting within the scope of his federal employment at the time of the alleged tort, the FTCA and 28 U.S.C. § 1346 are the sole basis of federal jurisdiction. The district court must treat the case as a case against the United States.

In sum, no reasonable interpretation of the amended FTCA gives the courts power to review scope certifications. This Court must confine itself to the jurisdiction conferred by Congress and here, the jurisdictional inquiry must end with whether the Attorney General has certified scope, not with the merits of the certification. If certification is granted, the court has jurisdiction and the case must proceed against the United States as defendant pursuant to 28 U.S.C. § 1346(b) and the FTCA.

▆ Once the United States becomes the defendant, the sole remedy is the waiver of sovereign immunity created by the FTCA, with all of the FTCA's limitations and exceptions: the lack of entitlement to a jury trial, the lack of punitive damages and, most important for the case *sub judice*, the exemptions from liability for claims arising out of certain intentional torts, including libel and slander, 28 U.S.C. § 2680(h). In the present case, plaintiff's claims arise out of the intentional torts of libel and slander and pursuant to 28 U.S.C. § 2680(h), the court has no subject matter jurisdiction over those claims.

Plaintiff, in its opposition to defendant's Motion For Summary Judgment, argues that the amendments to the FTCA are unconstitutional because the amendments violate plaintiff's right to procedural and substantive due process. Plaintiff essentially argues that: the amendment to the FTCA makes the FTCA plaintiff's sole remedy, deprives plaintiff of a jury trial in state court, prohibits plaintiff from reviewing the scope of employment issue and provides the United States with dispositive defenses. In short, application of the FTCA will result in dismissal of plaintiff's claims.

▆ In order for plaintiff to show that the FTCA amendments violate due process, plaintiff must show that the challenged legislation is wholly arbitrary and irrational in purpose and effect. *See Pension Benefit Guaranty Corp. v. R.A. Fray & Co.*, 467 U.S. 717, 728–34, 104 S.Ct. 2709, 2717–20, 81 L.Ed.2d 601 (1984); *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); *Vance v. Bradley*, 440 U.S. 93, 97–98, 99 S.Ct. 939, 942–943, 59 L.Ed.2d 171 (1979); *Consolidated U.S. Atmospheric Testing Litigation*, 820 F.2d 982 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988). First, it is clear that "the Constitution does not forbid the creation of new rights or the abolition of old ones recognized by the common law to obtain a permissable legislative object." *Silver v. Silver*, 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929). This is true even though "otherwise settled expectations" may be changed by such legislative action. *Duke Power Co.*, 438 U.S. at 88 n. 32, 98 S.Ct. at 2638 n. 32.

▆ In the present case, the primary purpose of the challenged legislation, the FTCA, is to protect federal employees from litigation and liability. Congress approved the challenged amendments because it believed that exposing individual federal employees to liability "could lead to a substantial dimunition in vigor of Federal law enforcement and implementation." House

Report at 3, U.S.Code Cong. & Admin. News 1988, pp. 5945, 5947. In enacting the amendments, Congress expressly took note of the fact that the United States would retain all of its defenses which would, in certain cases, leave some plaintiffs without a remedy.

Therefore, suits against Federal employees are precluded even where the United States has a defense which prevents an actual recovery. Thus, any claim against the government that is precluded by the exceptions set forth in Section 2680 of Title 28 U.S.C. also is precluded against an employee [and] his or her estate.

House Report at 6, U.S.Code Cong. & Admin.News 1988, p. 5950. Congress specifically struck the balance in favor of the individual federal employee when there is competition between the employee's protection and the plaintiff's remedy. This court finds that Congress' conscious substitution of the United States as the sole defendant in pending tort actions is reasonably related to the goal of enhancing the vigor of Federal law enforcement and thus the FTCA amendments comport with the requirements of substantive due process. *See also Consolidated Testing,* 820 F.2d at 988–92 (Nuclear Energy Authorization Act of 1985, § 1631(b), 42 U.S.C. § 2212, an "exclusive remedy" statute, requiring substitution of the United States as sole defendant did not violate due process even though the United States had dispositive defenses which were unavailable to individual defendants); *Thomason v. Sanchez,* 539 F.2d 955, 959 (3d Cir.1976) *cert. denied,* 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977) (Federal Drivers Act, 28 U.S.C. §§ 2679 *et seq.,* as applied to deprive motorcyclist serviceman of all lawsuit remedies for injuries received in a collision with a car driven by another serviceman, did not violate due process).

Accordingly, for the reasons stated above, it is

ORDERED AND ADJUDGED as follows:

1. The Petition For Removal is GRANTED.

2. The Motion To Substitute the United States as Defendant is hereby GRANTED.

3. All claims against Dexter W. Lehtinen are dismissed for lack of subject matter jurisdiction.

4. All claims against the United States are dismissed for lack of subject matter jurisdiction.

DONE AND ORDERED.