**Joseph M. NADLER, Plaintiff,**

**v.**

**Frederick (Fritz) MANN, Defendant.**

**No. 88-2179-CIV.**

United States District Court,
S.D. Florida.

Feb. 12, 1990.

Alfred Aronovitz, Miami, Fla., for plaintiff.

Gary J. Takacs, Asst. U.S. Atty., Miami, Fla., for defendant.

## AMENDED MEMORANDUM DECISION

SCOTT, District Judge.

This is a defamation action arising from the 1986 campaign for a seat on the Dade County Circuit Court. Plaintiff Joseph M. Nadler, the incumbent, won re-election. Defendant Frederick (Fritz) Mann, one of two challengers, was an Assistant United States Attorney at the time. Plaintiff's victory was marred by news accounts that he was under investigation by the Federal Bureau of Investigation for suspicion of bribery. Plaintiff claims that Defendant initiated the investigation and then leaked the story to the press.

The case is now before the Court upon Defendant Mann's motion to substitute the United States as sole defendant. Mann contends that he was acting within the

1. Before taking leave, Mann confined his campaign activities to nonworking hours.

2. The identity of the public official remains protected.

3. *David R. Glass v. Lila Russel, et al.,* Circuit Case No. 86–12872.

scope of employment and is therefore immune from liability pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (1988). The motion raises complex questions of statutory construction under the newly-enacted statute. The Court will first present the factual and procedural background of the dispute before turning to these novel legal issues.

## I. BACKGROUND

### A. *Facts*

During 1986, Defendant Frederick (Fritz) Mann was employed as an Assistant United States Attorney ("AUSA") in the Miami Division of the Southern District of Florida. Mann was a candidate for a judgeship on the Dade County Circuit Court. Plaintiff Joseph M. Nadler, the incumbent, was seeking re-election.

The primary election was scheduled for September 2, 1986. Two or three weeks before the primary, Mann took annual leave from the U.S. Attorney's Office to campaign full time.[1] While on leave, Mann continued to call and visit the office on occasion to monitor his assigned cases.

Several days before the primary, Mann received a telephone call at home from a public official who claimed to know Nadler.[2] The caller claimed to have reason to believe that Nadler had accepted a bribe to influence his decision in a pending case.[3] Mann advised the caller to inform the Federal Bureau of Investigation ("FBI"). Mann offered to arrange a meeting between the caller and the FBI. The caller accepted.

After the meeting, the FBI decided to pursue an investigation of Nadler. Mann did not participate in the investigation and was not kept apprised of its status.[4] On

4. Mann did participate in an early telephone conference with government officials to discuss his initial conversation with the public official. The other participants in the conference were the head of the Public Corruption Unit of the U.S. Attorney's Office in Miami and a representative of the Public Integrity Section of the Department of Justice in Washington, D.C.

September 2, 1986, Mann was defeated in the primary election. In late October, the Miami Herald reported the FBI investigation of Nadler.

On November 4, 1986, Nadler won re-election. On July 17, 1987, the FBI closed the investigation, finding insufficient evidence to warrant prosecution. This action followed.

## B. *Procedure*

Plaintiff initially filed this action in Dade County Circuit Court. Defendant removed the action pursuant to 28 U.S.C. § 1442(a) and Plaintiff moved to remand. In response, the United States certified that Mann was acting within the scope of his employment pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679. Based on that certification, the Government moved to dismiss Mann from the action and substitute the United States as sole defendant.

On February 6, 1989, the Court denied Plaintiff's motion to remand without prejudice. The Court further permitted joinder of the United States as co-defendant. After affording the parties notice and an opportunity to conduct limited discovery, we converted the motion to dismiss into a motion for summary judgment. After reviewing the product of discovery and the arguments of counsel, we are now prepared to decide the issue.

---

**5.** The Act provides in part:

 The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act of omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

 28 U.S.C. § 2679(b)(1).

**6.** Plaintiff argues that FELRTCA applies only to negligence claims and is therefore not available

## II. LEGAL ANALYSIS

### A. *The Act*

On November 18, 1988, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA") was enacted, amending sections of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*[5] Congress passed the Act in response to *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which "seriously eroded the common law tort immunity previously available to federal employees," and "created an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire federal workforce." H.R. 4612, Public Law No. 100–694 § 2(a)(4)–(5). In *Westfall,* the Supreme Court held that absolute immunity is available only when the challenged conduct is discretionary in nature.

The Act was designed to supplant *Westfall* and provide federal employees with absolute immunity from liability for common law torts committed within the scope of employment. *Sowell v. American Cyanamid Co.,* 888 F.2d 802, 805 (11th Cir.1989).[6] Congress achieved this purpose by precluding direct actions against federal employees. Instead, the plaintiff's "exclusive remedy" is an action against the United States under the FTCA. Section 5 of the Act, *amending* 28 U.S.C. § 2679(b).[7]

in this defamation action. However, the language of the Act, which speaks of "negligent or wrongful acts," does not support Plaintiff's position. Certainly, if Congress intended to confine the Act to negligence claims, it would have written the Act in those terms. Moreover, while the legislative history quoted by Plaintiff emphasizes claims for negligence, the sponsor of the bill specifically referred to defamation as one of the torts covered by the Act. 134 Cong.Rec. S15214–01, Oct. 7, 1988 ("A poor performance rating is alleged as "defamation.") (remarks of Senator Grassley).

**7.** Plaintiff's contention that the Act is unconstitutionally retroactive has been foreclosed by the recent decision of the Eleventh Circuit in *Sowell v. American Cyanamid Co.,* 888 F.2d 802, 805 (11th Cir.1989) ("The fact that the statute is retroactive does not make it unconstitutional, as a legal claim affords no definite or enforceable

## B. *Certification of Scope of Employment*

■ The Attorney General, through the United States Attorney, has certified that Mann "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." [8] Plaintiff challenges this certification. Thus, the threshold issue for the Court is whether the Attorney General's certification decision is subject to judicial review.

Parenthetically, the Court notes that Defendants have receded from their initial position that judicial review is not available. That concession is based on the legislative history of a similar bill which suggests that Congress believed that judicial review of the certification decision would be available. *See* Legislation to Amend the Federal Tort Claims Act, Hearing Before the Subcommittee on Administrative Law and Governmental Relations, Apr. 14, 1988, at 128, 133, 197 ("The plaintiff would still have the right to contest the certification without justification.") (remarks of Representative Frank, with Department of Justice approval).

The only circuit to consider the issue has suggested that FELRTCA bars judicial review of the Attorney General's decision to grant certification. *See Moreno v. Small Business Administration*, 877 F.2d 715 (8th Cir.1989). Among the district courts, some have denied judicial review. *See S.J. and W. Ranch, Inc. v. Lehtinen*, 717 F.Supp. 824 (S.D.Fla.1989) (Gonzalez, J.); *Arbour v. Jenkins*, 713 F.Supp. 229 (E.D. Mich.1989); *Mitchell v. United States*, 709 F.Supp. 767, 768 n. 4 (W.D.Tex.1989). Others have granted it. *See Baggio v. Lombardi*, 726 F.Supp. 922 (E.D.N.Y.1989) (ordering evidentiary hearing to determine scope of employment issue in defamation action); *Martin v. Merriday*, 706 F.Supp. 42 (N.D.Ga.1989); *cf. Williams v. Morgan*, 723 F.Supp. 1532 (D.D.C.1989) (scope of employment is "apparently to be determined de novo by a 'finding' of the court, since the Attorney General's decision is not subject to judicial review"; finding that defendants did not act within the scope of employment).[9]

We begin with the principle that "Congress will be presumed to have intended judicial review of agency action unless there is persuasive reason to believe otherwise." *United States v. Fausto*, 484 U.S. 439, 452, 108 S.Ct. 668, 675, 98 L.Ed.2d 830, 843 (1988); *Block v. Community Nutrition Institute*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270 (1984).[10] Although the legislative history does not resolve the issue,[11] our decision is informed by the logic of the statutory scheme as a whole. *Fausto*, 484 U.S. at 452, 108 S.Ct. at 675, 98 L.Ed.2d at 843.

FELRTCA contains separate provisions concerning certification of actions pending in state and federal court. In federal

---

property right until reduced to final judgment."). *See also Lunsford v. Price*, 885 F.2d 236 (5th Cir.1989) (rejecting plaintiff's argument that application of the Act to pending cases would be "manifestly unjust").

**8.** *See* Section 6 of the Act, *amending* 28 U.S.C. § 2679(d) (authorizing Attorney General to provide certification); 28 C.F.R. § 15.3 (authorizing Attorney General to delegate certification decision to the United States Attorney).

**9.** *See also Yalkut v. Gemignani*, 873 F.2d 31 (2d Cir.1989) (where FELRTCA was enacted during pendency of appeal, appellate court determined that defendants were acting within the scope of employment, without decision by Attorney General); *Washington Square Post 1212 v. City of New York*, 720 F.Supp. 337 (S.D.N.Y.1989) (following *Yalkut*; deciding that defendants were acting within the scope of employment, without decision by Attorney General).

**10.** Moreover, construing the Act to preclude judicial review would open the door to constitutional attack. At least one court has succumbed. *See Dagnan v. Gouger*, 1989 W.L. 81655 (E.D.Tenn. July 19, 1989) (unreported decision) (finding due process violation because FELRTCA does not permit judicial review of certification decisions). We should avoid this result, however. *See Martin v. Merriday*, 706 F.Supp. 42 (N.D.Ga.1989) (construing the Act to permit judicial review in order to avoid constitutional challenge).

**11.** The House report merely presents the standard for determining scope of employment, without discussing the propriety of judicial review. P.L. 100–694, 102 Stat. 4563, H.R.Rep. No. 100–700, U.S.Code Cong. & Admin.News 1988, p. 5945, 134 Cong.Rec. 5945, 5949 (1988).

court, upon certification by the Attorney General, the action shall be deemed an action against the United States and the United States shall be substituted as the party defendant. This provision makes no mention of judicial review. Section 6 of the Act, *amending* 28 U.S.C. § 2679(d)(1).

In state court, upon certification, the action shall be removed to district court, the action shall be deemed an action against the United States and the United States shall be substituted as the party defendant. "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." Section 6 of the Act, *amending* 28 U.S.C. § 2679(d)(2).

Thus, we conclude that, because certification triggers the right of removal, Congress intended to preclude state courts from reviewing the Attorney General's decision to grant certification. This does not imply, however, that Congress intended to prevent federal courts from reviewing that decision upon removal. *Martin v. Merriday,* 706 F.Supp. 42 (N.D.Ga.1989).[12] Indeed, it is highly doubtful that Congress intended to deny judicial review of the decision that vests subject matter jurisdiction in federal court.

In addition, FELRTCA empowers the court to certify the action should the Attorney General refuse to do so.[13] If the action is pending in state court, the Attorney General may remove the action to district court. "If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the state court." Section 6 of the Act, *amending* 28 U.S.C. § 2679(d).

Thus, the Court could have certified the action if the Attorney General had refused

to do so. In view of that authority, we cannot conclude that Congress intended to prevent the Court from reviewing the Attorney General's decision to grant certification. There is no basis for such inconsistent treatment of certification decisions. Finding no "persuasive reason" to believe that Congress intended to deny judicial review, *Fausto,* 484 U.S. at 452, 108 S.Ct. at 675, 98 L.Ed.2d at 843, the Court holds that Plaintiff may challenge the Attorney General's decision to grant certification.

 In challenging the Attorney General's certification, Plaintiff does not argue that Mann's activities were outside the ordinary scope of employment for an Assistant United States Attorney. Instead, Plaintiff claims that Mann's activities were motivated by his ambition to oust Plaintiff from the state bench. However, allegations that an employee was "motivated by malice or some other unworthy purpose," or that he acted "maliciously or corruptly," cannot defeat a finding that the employee was otherwise acting within the scope of employment. *Rochon v. Federal Bureau of Investigation,* 691 F.Supp. 1548, 1562 (D.D.C.1988); *Jordan v. Hudson,* 690 F.Supp. 502 (E.D.Va.1988).

Plaintiff has offered no valid grounds for setting aside the decision of the Attorney General. The Court therefore concludes that the Attorney General's certification was appropriate and well within his discretion. For these reasons, Plaintiff's challenge to the scope of employment certification must fail.

### C. *Exclusive Remedy*

██ Plaintiff argues that substitution would be erroneous because the FTCA does not provide a remedy for defamation claims against the United States. It is true that the United States is immune from

---

**12.** Prior to FELRTCA, the district court was simply authorized to conduct a removal hearing, *"i.e.,* to determine by implication, whether the alleged tortfeasor was acting within the scope of employment." *Arbour v. Jenkins,* 713 F.Supp. 229 (E.D.Mich.1989).

**13.** If the Attorney General has refused certification, the employee may "petition the court to

find and certify that the employee was acting within the scope of his office or employment." Upon certification by the court, the action shall be deemed one against the United States and the United States shall be substituted as the party defendant. Section 6 of the Act, *amending* 28 U.S.C. § 2679(d)(3).

liability for defamation claims under the FTCA. 28 U.S.C. § 2680. Thus, substitution of the United States as defendant would require dismissal of the complaint for lack of subject matter jurisdiction. However, the lack of a remedy against the United States is not a bar to substitution. Indeed, that argument was expressly rejected by Congress in the House report accompanying the bill: [14]

> The "exclusive remedy" provision of section 5 is intended to substitute the United States as the solely permissible defendant in all common law tort actions against Federal employees who acted in the scope of employment. Therefore, *suits against Federal employees are precluded even when the United States has a defense that prevents an actual recovery.* Thus, any claim against the government that is precluded by the exceptions set forth in Section 2680 of Title 28, U.S.C. also is precluded against the employee in his or her estate.

P.L. 100–694, 102 Stat. 4563, H.R.Rep. No. 100–700, U.S.Code Cong. & Admin.News 1988, p. 5950, 134 Cong.Rec. 5945, 5950 (1988) (emphasis added).[15]

This construction of the Act is supported by the case law. Every circuit considering the issue has held, expressly or implicitly, that substitution under FELRTCA is required even if the United States must ultimately be dismissed based on immunity. *Aviles v. Lutz,* 887 F.2d 1046 (10th Cir. 1989) (United States was immune from libel claims under FTCA); *Sowell v. American Cyanamid,* 888 F.2d 802 (11th Cir.1989) (Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.,* precluded recovery against United States); *Lunsford v. Price,* 885 F.2d 236 (5th Cir.1989) (same result as to Tennessee Valley Authority); *Smith v.*

*United States,* 877 F.2d 40 (11th Cir.1989) (immunity under the *Feres* doctrine); *Jordan v. Hudson,* 879 F.2d 98 (4th Cir.1989) (United States was immune under discretionary function exception to FTCA).[16]

The district courts have been less uniform. Most recognize this principle. *See S.J. and W. Ranch, Inc. v. Lehtinen,* 717 F.Supp. 824 (S.D.Fla.1989) (Gonzalez, J.) (libel, slander and invasion of privacy); *Saratoga Savings and Loan Ass'n v. Federal Home Loan Bank,* 724 F.Supp. 683 (N.D. Cal.1989) (tortious interference with contractual relations); *Kassel v. United States Veterans' Administration,* 709 F.Supp. 1194 (D.N.H.1989) (claim of negligently violating federal statute); *Robinson v. Egnor,* 699 F.Supp. 1207, 1215 n. 14 (E.D.Va.1988) (defamation claim); *Dennis v. City of Chicago,* 1989 W.L. 134512 (N.D.Ill. Oct. 11, 1989) (unreported decision) (forfeiture claim); *McDonald v. Hassard,* 1989 W.L. 139219 (D.Maine July 13, 1989) (unreported decision) (tax collection suit). Some have gone astray. *Mitchell v. United States,* 709 F.Supp. 767 (W.D.Tex.1989) (remanding for suit against employee in individual capacity because United States was immune from assault and battery claim); *see also Smith v. DiCara,* 329 F.Supp. 439 (E.D.N. Y.1971) (pre-FELRTCA; remanding suit against federal physician because United States was immune from defamation claim).

## III. CONCLUSION

Under FELRTCA, Plaintiff cannot maintain a direct action against Defendant Mann and the United States must be substituted as defendant. Under the FTCA, the United States is immune from liability in this defamation action. Under the facts presented, the Court has no alternative but

---

**14.** No Senate report was submitted with the bill.

**15.** *Powers v. Schultz,* 821 F.2d 295 (5th Cir. 1987), which reached the same result under the analogous Medical Malpractice Immunity Act, is cited in the Congressional report to the 1988 Act. The Fifth Circuit explained that a contrary interpretation "simply cannot be reconciled with the intent and purposes of the Act to grant, practically speaking, blanket immunity." *Id.* at 297.

**16.** *Newman v. Soballe,* 871 F.2d 969 (11th Cir. 1989), and *Smith v. Marshall,* 885 F.2d 650 (9th Cir.1989) (following *Newman* ), are not to the contrary. These cases merely held that it was erroneous to substitute the United States as defendant in cases arising in a foreign country because the FTCA, and hence FELRTCA, did not apply.

to dismiss the action, since "Plaintiff has reached the end of the line." *Powers v. Schultz*, 821 F.2d 295, 298 (5th Cir.1987). While we recognize that the result in this case could be considered harsh, we take solace in the salutary purpose of the immunity provisions of FELRTCA, to protect "the morale and well being of federal employees" and safeguard "the ability of agencies to carry out their missions." Section 2 of the Act, *amending* 28 U.S.C. § 2679(d)(2).

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Remand is DENIED.

2. Defendants' Motion to Substitute United States as Defendant is GRANTED.

3. This cause is hereby DISMISSED for lack of subject matter jurisdiction.

DONE and ORDERED.