**Lillian P. MARTIN**

v.

**Eugene MERRIDAY.**

**No. 1:88–cv–2671–RCF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 2, 1989.

---

Adam J. Conti, Mack Eason & Bernstein, Atlanta, Ga., for plaintiff.

James Randolph Schulz, Office U.S. Atty., Atlanta, Ga., Sandra Ganus, U.S. Dept. Justice, Civil Div., Torts Branch, Washington, D.C., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is before the court on defendant's motion to substitute the United States as defendant and on plaintiff's motion to remand.

Plaintiff, a federal employee, brought suit in state court alleging that defendant, her supervisor, conditioned plaintiff's promotion on her having sexual relations with him; that defendant made repeated sexual advances toward plaintiff; that defendant touched plaintiff in a harmful and offensive manner; and that these actions constituted sexual harassment, intentional infliction of emotional distress, and battery. John J. Farley, III, the Director of the Torts Branch of the United States Justice Department certified that defendant was acting within the scope of his employment at the time of these incidents. Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Act), Pub.L. 100–694 (to be codified at 28 U.S.C. § 2679), defendant removed the action to this court and requested the substitution of the United States as defendant. Plaintiff objects to substitution and seeks remand on the ground that the Act is unconstitutional. Alternatively, plaintiff seeks a hearing before this court to determine whether defendant was acting within the scope of his employment. Defendant urges the court to uphold the Act and reject plaintiff's suggestion that a hearing be held. Defendant also contends that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provides plaintiff's exclusive remedy. The court will address each contention seriatim.

## CONSTITUTIONALITY OF THE ACT

■ Congress passed the Act in response to the recent Supreme Court deci-

sion in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 583, 98 L.Ed.2d 619 (1988). The Court granted certiorari in *Westfall* to resolve a conflict among the Circuit Courts of Appeal as to the proper standard to be applied in determining whether a federal official's conduct is absolutely immune from state-law tort liability. *Id.* 108 S.Ct. at 583. Under *Westfall*, to be entitled to absolute immunity for common law torts, a defendant would have to prove that the "challenged conduct is within the outer perimeter of [his] duties and is discretionary in nature." *Westfall*, 108 S.Ct. at 585. Congress believed that *Westfall* "seriously eroded the common law tort immunity previously available to Federal employees." The Act, § 2(a)(4). In passing the Act, Congress intended "to protect Federal employees from personal liability for common law torts committed within the scope of their employment...." *Id.* § 2(b). The Act thus broadens common law tort immunity enjoyed by federal employees.

The Act places the responsibility of determining a federal employee's "scope of employment" exclusively on the Attorney General of the United States or his designee. 28 U.S.C. § 2679(d).[1] Certification by the Attorney General that the defendant was acting within the scope of his employment at the time of the alleged tortious act is conclusive for purposes of removal. *Id.* The Act further provides that upon certification "the United States shall be substituted as the party defendant." *Id.* Congress' intent was to made the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., the exclusive remedy for injuries caused by the negligence of Federal employees acting within the scope of their employment. *See*

134 Cong.Rec. S15597, S15598, S15599 (daily ed. Oct. 12, 1988) (comments by Sens. Thurmond and Grassley).[2]

Plaintiff urges a reading of the Act that would permit this court to determine *de novo* the factual issue of whether the challenged conduct was within the scope of defendant's employment. According to defendant, Congress has delegated to the Attorney General the absolute and final authority to determine whether an employee's conduct was within the scope of his employment. The court cannot accept defendant's interpretation.[3]

■ Defendant's interpretation of the Act raises serious constitutional questions because the Act's lack of standards by which the Attorney General is to determine "scope of employment" threatens to run afoul of the nondelegation doctrine. The court recognizes that Congress has the ability to delegate its legislative powers under broad standards. *See Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Congress is only required to provide the Attorney General with "an intelligible principle" to which he is to conform in determining whether or not an employee was acting within the scope of his employment. *Id.* at —, 109 S.Ct. at 654. Regardless of the constitutionality of the delegation, the attempt to make the Attorney General's determination "conclusive" clearly violates the long-standing principle that when a controversy arises regarding an administrator's execution of delegated authority the courts can always ascertain whether the will of Congress has been observed and can require adherence to statutory standards. *I.N.S. v.*

---

**1.** The Attorney General has delegated to the Assistant Attorney General in charge of the Civil Division the authority to make certifications as provided under § 2679(d) and to redelegate that authority to subordinate division officials. 28 C.F.R. § 15.3(b)(1) and (b)(4). The Assistant Attorney General has delegated to any Director of the Torts Branch the authority to make certifications. *Id.* Appendix [Directive No. 90–77].

**2.** The effect of Farley's certification in this case is to destroy plaintiff's cause of action. Plaintiff's only recourse against the United States is through the FTCA. The FTCA, however, ex-

cludes any claim arising out of intentional torts. 28 U.S.C. § 2680(h).

**3.** In *Robinson v. Egnor*, 699 F.Supp. 1207 (E.D. Va.1988), the only published decision considering the Act, the court did not address whether the Attorney General's certification was binding on the court. The Attorney General had not yet issued certification, but said that it was forthcoming. The court, without waiting for official certification, conducted its own analysis of whether the challenged conduct fell within the defendant's scope of employment and found that it did.

*Chadha,* 462 U.S. 919, 953 n. 16, 103 S.Ct. 2764, 2785 n. 16, 77 L.Ed.2d 317.

An elementary principle of statutory construction is that the acts of Congress are presumed to be constitutional. *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). Furthermore, a court should endeavor always to construe a statute to avoid constitutional problems, unless such construction is plainly contrary to the intent of Congress. *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council,* — U.S. ——, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988). Thus, the court must reject defendant's interpretation, which presents serious constitutional questions, and attempt to find a construction that supports the Act's constitutionality.

The court believes that an acceptable construction can be found by reference to the portion of the Act that defendant overlooks. Section 2679(d)(2) states that certification by the Attorney General is conclusive "for purposes of removal." The Act does not purport to render the Attorney General's determination conclusive for all substantive purposes, such as whether the individual defendant or the United States will be adjudged responsible for the alleged tortious act. By limiting the purposes of certification to removal, the Act does not restrict a federal court from inquiring into the issue of scope of employment. Rather the Act ensures that federal, rather than state, courts will be reviewing the Attorney General's determination when a question arises and will be applying federal common law.

This interpretation is consistent with the Act as a whole, as well as with the legislative intent. Section 6 of the Act, 28 U.S.C. § 2679(d)(3), provides that if the Attorney General refuses certification, the employee may petition the court to find that he was acting within the scope of employment. If the action is filed in state court, the proceeding may be removed to federal district court for a determination by that court of the merits of the employee's petition. 28 U.S.C. § 2679(d)(3). This provision reveals Congress' intent that federal, not state, courts review the Attorney General's certification.[4]

Additionally, the legislative history reveals that Congress intended the Act to provide immunity only for actions within the scope of a federal employee's employment. *See* 134 Cong.Rec. H4718, H4719 (daily ed. June 27, 1988) (comments by Rep. Frank, etc); 134 Cong.Rec. S15597, S15599 (daily ed. Oct. 12, 1988) (comments by Sens. Heflin and Grassley). Representative Frank stated that "we have procedures for deciding [scope of employment] if it is in dispute...." 134 Cong.Rec. H4718, H4719 (daily ed. June 27, 1988). It is clear that Congress recognized that whether an action was within the scope of employment is subject to dispute and intended to provide a mechanism for resolving that disputed issue. Thus, permitting federal courts to receive evidence and to determine whether challenged conduct was within the scope of employment is consistent with congressional intent.

Therefore, the court finds that the Act permits the court to determine whether the challenged conduct was within the scope of defendant's employment.

## EXCLUSIVITY OF TITLE VII REMEDY

■ Defendant also contends that plaintiff's state law action is barred because Title VII is the exclusive remedy for claims of discrimination based on sexual harassment by federal employees. *See* Defendant's brief in opposition to plaintiff's motion to remand at 9. Defendant misunderstands plaintiff's complaint. Plaintiff's claim is for assault, battery, and intentional infliction of emotional distress. It is true

---

**4.** This is consistent also with 28 U.S.C. § 1442, which provides that "the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act "under color" of federal office...." The Supreme Court has stated that one of the primary purposes of this provision "is to have the validity of the defense of official immunity tried in a federal court.... [F]ederal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

that plaintiff's allegations also state a claim for employment discrimination under Title VII, but that is not the relief plaintiff seeks in this action.[5] There is substantial authority allowing a plaintiff to sue both for sexual harassment under Title VII and for tortious conduct under state law. *See Arnold v. United States*, 816 F.2d 1306, 1311–12 (9th Cir.1987); *Owens v. United States*, 822 F.2d 408 (3rd Cir.1987); *Otto v. Heckler*, 781 F.2d 754 (9th Cir.1986); *Lage v. Thomas*, 585 F.Supp. 403, 406 (N.D.Tex. 1984); *Stewart v. Thomas*, 538 F.Supp. 891 (D.D.C.1982). Therefore, plaintiff's claims are not barred by Title VII.

Accordingly, defendant's motion to substitute the United States as defendant is DENIED. Plaintiff's motion to remand is DENIED. Defendant's motion to extend the time to answer the complaint is GRANTED. Defendant is DIRECTED to file his answer within twenty (20) days of the entry of this order.

SO ORDERED.

---

**5.** Plaintiff is pursuing her administrative remedies under Title VII, but filed the present action because the statute of limitations on her state law tort claims was expiring. *See* Plaintiff's brief at 2.