**Marie–Therese H. ASSAAD–FALTAS, Plaintiff,**

v.

**Robert GRIFFIN, Defendant.**

**No. LR–C–87–439.**

United States District Court, E.D. Arkansas, W.D.

April 24, 1989.

Marie–Therese Halim Assaad–Faltas, Durham, N.C., pro se.

Richard Pence, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## AMENDED JUDGMENT

ROY, District Judge.

The Judgment entered on March 16, 1989, 708 F.Supp. 1035, is amended to include the following:

■ In the event it is determined that Public Law 100–694 is applicable to this claim, the Court finds that pursuant to 28 U.S.C. § 2679(b)(1), an action against the United States under the Federal Tort Claims Act is now the exclusive remedy for state law or common law torts committed by government employees while acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(2). Consequently, the Federal Tort Claims act is the exclusive remedy for the plaintiff's claims of libel and slander against federal defendant Robert Griffin.

The United States Attorney has certified that the individual defendant Robert Griffin was acting within the course and scope of his employment at all times relevant to the claims of Marie–Therese H. Assaad–Faltas. Substitution of the United States as the party defendant is mandated upon a scope of employment determination by the Attorney General or his delegate. 28 U.S.C. § 2679(d)(1); § 2679(d)(4) and 28 C.F.R. 15.3 Judicial review of the scope of employment certification is available only to a federal employee and then only when the Attorney General, or his designed, refuses to certify that the federal employee was acting within the scope of federal employment. 28 U.S.C. § 2679(d)(3). Accordingly, the United States of America is by operation of law substituted for the individual federal defendant Robert Griffin on the plaintiff's common law tort claims against him.

Upon certification of scope of employment as set forth in 28 U.S.C. § 2679(d), the action shall proceed as though initially filed against the United States of America under the Federal Tort Claims act and shall be subject to all of the limitations and exceptions applicable to FTCA actions. 28 U.S.C. § 2679(d)(4). The United States retains all of its defenses under the FTCA.

■ In the present case, the plaintiff's common law tort claims against the substituted defendant United States of America is dismissed for failure to present an administrative claim to the appropriate federal agency, as required by 28 U.S.C. § 2675(a). This is a jurisdictional prerequisite. *See Snyder v. United States*, 717 F.2d 1193 (8th Cir.1983); *Smith v. United States* 588 F.2d 1209, 1211 (8th Cir.1978). Further, claims arising out of libel and slander are excluded from the FTCA, and such claims cannot be maintained against the United States. 28 U.S.C. § 2680(h).

Based upon the foregoing, the Court hereby finds that the plaintiff's claims against defendant Robert Griffin should be, and are hereby dismissed.

## ORDER

Before the Court is the Motion to Vacate Judgment and Order filed by this Court on March 16, 1989, Notice of Substitution of United States of America for Defendant Robert Griffin and Motion to Dismiss Plaintiff's Claims against Substituted Defendant United States of America. The plaintiff has responded, objecting to the motion.

In its previous Order dated March 16, 1989 this Court held that at all times pertinent to the plaintiff's allegations, the defendant Robert Griffin was acting within the scope of his official duties and responsibilities, and that his conduct was of a discretionary nature. Therefore, the Court held that the plaintiff's claim against the defendant Robert Griffin for libel and slander is barred by immunity and was therefore dismissed.

In the motion, the Government contends that because of a recent law which went into effect, an action against the United States under the Federal Tort Claims Act is now the exclusive remedy for state law or common law torts committed by government employees while acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(2). Although the result of dismissal of the claim against Robert Griffin is the same under the Government's theory as stated in the motion, the reasoning for reaching the result is different.

The plaintiff objects to the government's motion, stating that the recent law is neither retroactive nor applicable to lawsuits commenced before November 18, 1988; that defendant Griffin is estopped by the doctrine of laches; that defendant Griffin has no standing; and that to dismiss "for failure to present an administrative claim to the appropriate federal agency" under an act signed into law twenty months after plaintiff's grievance arose is to hold plaintiff to an *ex post facto* requirement.

The Court sees no need to reach the merits of plaintiff's arguments. Even if the Court were to reject the government's request, the claim against defendant Griffin would nevertheless be dismissed, based upon the legal authority cited in the Court's previous order. Plaintiff does not question the validity of the legal authority cited by the defendant. Her objections are based upon the fact that the recent law cannot be retroactively applied to her claim. If it is not applicable, the Court's previous ruling would stand. If it is applicable, the defendant's arguments have merit and the claims would be dismissed.

Accordingly, the Court need not delve into it any further.

Therefore, the Court finds that the appropriate procedure, since this matter is now on appeal, is to amend the previously entered order so that it incorporates the government's arguments and conclusions in the event the recently enacted law is deemed applicable. An Amended Judgment will be entered accordingly.