Michael A. **BAGGIO** and Joanna Hunt, Plaintiffs,

v.

Thomas **LOMBARDI**, Dennis Weinheim, Robert Massa, John Padilla and Laurie Farrell, Defendants.

No. CV 89–0201.

United States District Court, E.D. New York.

Dec. 18, 1989.

Paul Dashefsky, Smithtown, N.Y., for plaintiffs.

Andrew J. Maloney, U.S. Atty. by August Sellitto, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Michael Baggio and Joanna Hunt ("plaintiffs") bring this action for defamation and prima facie tort. The action was originally commenced in New York State Supreme Court against the individual defendants Thomas Lombardi, Dennis Weinheim, Robert Massa, John Padilla and Laurie Farrell, ("individual defendants"). The individual defendants removed the action to this Court on the ground that the cause of action in tort was against employees of the United States Postal Service. *See* Defendants' Petition for Removal, 89–CV–0201, dated Jan. 19, 1989. Furthermore, the Federal Tort Claims Act provides that upon Attorney General ("AG") certification that

a defendant employee was acting within the scope of his or her employment at the time the cause of action arose, that employee shall be dismissed from the suit and the United States substituted as the sole defendant. 28 U.S.C. § 2679(d)(2). In the case at bar, the U.S. Attorney offers such a certification, and concurrently moves for an order substituting the United States as sole defendant, as well as moving to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the United States is immune from the claims plaintiffs pursue. For the reasons stated below, defendants' motion to dismiss is denied.

## I. BACKGROUND

There is some dispute between the parties as to the factual background of the case. What is clear is that plaintiff Baggio asserts that he suffered an injury while on his mail carrier route, and consequently filed a claim for compensation and benefits with the Postal Service. Pursuant to medical orders plaintiff remained out of work until September 3, 1988, at which time he alleges that he returned to work at the Post Office for "light duty." On September 9, 1988, the Postal Service placed plaintiff on administrative leave, despite his claim that he was able to work. Defendants assert that at the time of plaintiff's injury, the Postal Service was investigating other prior work related incidents involving plaintiff. Moreover, defendants state that the Postal Service had cause to question the legitimacy of plaintiff's claim and consequently initiated surveillance of plaintiff on September 9, 1988. It is to be noted that defendants firmly insist that the surveillance was in strict compliance with the Postal Service's procedures.

Within the surveillance report, the accident investigator indicated his belief that he had "uncovered ... extramarital activities," which he concluded after having followed plaintiff Baggio on various occasions to plaintiff Hunt's home. Plaintiffs claim that this report was circulated by defendants to, among others, union officials and co-workers. According to defendants, plaintiff Baggio was thereafter discharged

as a result of the investigation into his claimed injury. Following the discharge, plaintiff Baggio filed a grievance and was subsequently reinstated after an arbitration hearing. Based on the investigation report, plaintiffs claim that defendants committed defamation *per se* and prima facie tort. The United States currently moves to dismiss the complaint on the ground that the Government is immune from such causes of action under the Federal Tort Claims Act ("FTCA"). Pub.L. 100–694, 102 Stat. 4564 (1988) (codified as amended at 28 U.S.C. § 2671 *et seq.*) Plaintiffs oppose the motion with the argument that the United States should not be substituted as sole defendant since the individual defendants were not acting within the scope of their employment when the cause of action arose. Thus, plaintiffs assert that the case should be remanded to the state court.

## II. THE 1988 AMENDMENT TO THE FTCA

On November 18, 1988, the Federal Employees Liability Reform and Tort Compensation Act of 1988 was enacted, amending various sections of the Federal Tort Claims Act. Pub.L. 100–694, § 3, 102 Stat. 4564 (1988) (codified as amended at 28 U.S.C. § 2671 *et seq.*). The purpose of the Act was to "protect federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of federal employees with an appropriate remedy against the United States." *Mitchell v. United States,* 709 F.Supp. 767, 768 (W.D. Tex.1989) (quoting Liability Reform Act, § 2(b)). *See also Yalkut v. Gemignani,* 873 F.2d 31, 34 (2d Cir.1989). Remedies provided by 28 U.S.C. §§ 1346(b) and 2672 are intended to be the exclusive remedy for torts committed by federal employees while acting in the scope of their employment. *Id. See also Aviles v. Lutz,* 887 F.2d 1046, 1048 (10th Cir.1989); *Martin v. Merriday,* 706 F.Supp. 42, 44 (N.D.Ga.1989).

Procedurally, when a tort action is commenced against a federal employee, the FTCA provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). Pursuant to the Code of Federal Regulations, the Attorney General can delegate to the United States Attorneys the authority to make the certification discussed above. 28 C.F.R. § 15.3 (1988).

Once the United States is substituted as the only defendant, the doctrine of sovereign immunity may bar certain claims from proceeding. In other words, the United States is immune from suit absent an express waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). With the enactment of the FTCA, Congress waived the Government's sovereign immunity only as to specified claims caused by the "negligent or wrongful act or omission of any employee while acting within the scope of

his office or employment." 28 U.S.C. § 1346(b). It is to be noted that the *exceptions* to the waiver of sovereign immunity in the FTCA include, inter alia, libel, slander and interference with contract rights. 28 U.S.C. § 2680(h). Thus, one cannot maintain a cause of action against the United States for defamation. *Id.*

### III. THE CASE AT BAR

In the instant case, the United States moves to dismiss on the ground that it is immune from suit for defamation and, under the specific facts of this case, prima facie tort as well. Plaintiffs oppose dismissal and argue that the individual defendants were acting outside the scope of their employment, and that therefore the United States should not be substituted as defendant. With respect to the current motion, the primary issue becomes the weight to be accorded the United States Attorney's certification that the individual defendants were acting within the scope of their employment.

As discussed above, the 1988 Amendment to the FTCA provides that the certification of the Attorney General is conclusive as to the issue of scope of employment "for purposes of removal." 28 U.S.C. § 2679(d)(2). At this point, relatively few courts have interpreted the 1988 Amendment on this issue. However, it is to be noted that although defendants in this case had originally asserted that the certification was intended to be binding on this Court for substantive purposes, defendants subsequently withdrew that segment of their argument.[1] Nonetheless, defendants assert that judicial review of the facts would similarly reveal that the individual defendants were indeed acting within the scope of their employment. Plaintiffs continue to assert that the defendants acted outside the scope of their employment, and assuming *arguendo* that they acted within the scope of employment, plaintiffs claim

---

1. The Court received a letter from the Assistant U.S. Attorney in this case which stated that "[a]s a matter of policy, the United States will no longer argue that the certification of scope of employment by the Attorney General or his delegee pursuant to 28 U.S.C. § 2679(d)(2) is con-

clusive and not subject to judicial review except insofar as it makes certification conclusive for purposes of removal only." Letter dated Oct. 30, 1989, from Asst. U.S. Atty. August Sellitto to Honorable Leonard D. Wexler.

that their cause of action in prima facie tort is maintainable against the United States. The Court need not reach the issue of whether the prima facie tort claim may proceed against the Government, since the motion to dismiss must be denied on the ground that it cannot be determined from the papers submitted whether or not the individual defendants were acting within the scope of their employment.

Plaintiffs' argument that defendants acted outside their scope of employment is based on the assertions that: (1) the surveillance was not a proper procedure; (2) it was not proper to include plaintiff Hunt's name in the surveillance report in any event, and (3) the surveillance was not proper because plaintiff Baggio had alleged that he was able and fit for work to begin with, so that defendants had no reason to put him on leave. Defendants argue that the investigation was conducted in accordance with the Postal Service Employee's Labor Relations Manual, which states that "the USPS may investigate the circumstances surrounding an injury to an employee and the extent of the disability (i.e., the USPS may investigate an employee's activities where it appears the employee who is alleging total disability may be performing other employment or the employee may be engaging in activities that would indicate less than total disability.)" Postal Service Employee and Labor Relations Manual § 545.545(a) (1989).

This Court rules that it has a duty to determine the issue of scope of employment in this case. *See Martin v. Merriday,* 706 F.Supp. 42, 45 (N.D.Ga.1989) (stating that "the Act permits the court to determine whether the challenged conduct was within the scope of defendant's employment"); *Petrousky v. United States,* docket no. 88–CV–755, 1989 WL 53014 (N.D.N.Y.1989) (available on LEXIS, genfed library, dist. file) (Court stated that it would make a determination as to scope of employment); *Robinson v. Egnor,* 699 F.Supp. 1207, 1215 (E.D.Va.1988) (wherein Court undertook its own analysis of scope of employment); *but see Aviles v. Lutz,* 887 F.2d 1046, 1049 (10th Cir.1989) (indicating that the Attorney General's certification is binding on the District Court). As discussed above, if defendants were acting within the scope of their employment, the United States is properly substituted as the sole defendant under the FTCA. 28 U.S.C. § 2679(b). If such a determination is made, it would appear that plaintiffs' complaint, at the very least on the defamation claim and possibly on the prima facie tort claim as well, must be dismissed due to the fact that the United States is immune from suit for such causes of action. *See Mitchell v. United States,* 709 F.Supp. 767 (W.D. Tex.1989); *Yalkut v. Gemignani,* 873 F.2d 31, 34 (2d Cir.1989). On the other hand, should this Court determine, after an evidentiary hearing, that the defendants were not acting within their scope of employment, the case could then be remanded to the state court and proceed against the individual defendants personally. *Id. See also Martin v. Merriday,* 706 F.Supp. 42 (N.D.Ga.1989).

The Court's ruling is not intended to imply that an evidentiary hearing is necessary in every case of this kind. Inasmuch as plaintiffs will lose their cause of action completely should the complaint be dismissed at this stage, it would be unwise for the Court to bar any recovery by a ruling based only on the papers before it. Defendants have conceded that the issue of scope of employment is open to judicial review. *See supra.* This Court agrees, and in so doing finds that an evidentiary hearing is required so that the Court can make a sound determination as to the defendants' actions.[2]

---

**2.** *See Petrousky v. United States,* docket no. 88–CV–755, 1989 WL 53014 (N.D.N.Y.1989) (available on LEXIS, genfed Library, dist. file) (wherein the Court ordered a hearing to determine whether or not defendant, a federal officer, acted within the scope of her employment with respect to plaintiff's libel cause of action).

In *Petrousky,* the District Court noted that if it were to find that defendant was not acting in the scope of her employment, "it appears the appropriate result would be to remand the matter to state court." *Id.* This Court concurs with such an approach, and adopts it in this case.

## CONCLUSION

This Court having found that an evidentiary hearing is required to determine the issue of whether defendants acted within their scope of employment, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied. The parties are directed to contact the Court in an effort to schedule the aforementioned hearing.

SO ORDERED.