**Beth Ann O'NEILL, an infant by her parent and natural guardian, Richard O'NEILL, and Richard O'Neill, individually, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 89 CV 2756.**

United States District Court, E.D. New York.

March 9, 1990.

Irwin H. Berson, Brooklyn, N.Y., for plaintiffs.

Andrew J. Maloney, U.S. Atty. (Richard Goldstein, of counsel), Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs brought this action on May 22, 1989 in New York Supreme Court against Brian McFadden, a United States park police officer, alleging that due to his negligence a dog owned, possessed, and controlled by him bit plaintiff Beth Ann O'Neill, an infant, on June 19, 1986. Plaintiff Richard O'Neill sues on behalf of his daughter and himself.

On August 21, 1989 the Assistant United States Attorney, pursuant to 28 U.S.C. § 2679, certified that McFadden was acting at the time of the incident within the scope of his employment as a Federal employee, removed the case to this court, and caused the substitution of the United States as the sole defendant.

The United States moves to dismiss for lack of subject matter jurisdiction. The plaintiffs move to remand to the State court.

This case concerns the application of Public Law 100–694, 102 Stat. 4563 (1988), the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Act) *reprinted in* 1988 U.S.Code Cong. & Admin. News, (102 Stat.) 4563, enacted November 18, 1988, which made amendments to the Federal Tort Claims Act (the Tort Claims Act). This court considered the Act in *Egan v. United States*, 732 F.Supp. 1248 (E.D.N.Y.1990). Familiarity with that decision is assumed.

The dog that allegedly bit Beth Ann O'Neill is the same dog that bit young

Egan, and McFadden here was the original defendant in the *Egan* case. Here, as in the *Egan* case, the father sues on behalf of his child as well as himself. The only significant difference between the two cases is that the Egans never filed an administrative claim against the United States whereas Richard O'Neill did file on July 15, 1987 such a claim on behalf of his daughter against the United States with the Park Police, and the claim was denied on December 31, 1987, almost a year before enactment of the Act. Plaintiffs instituted no action against the United States after this denial. Richard O'Neill has to date never presented a claim against the United States on his own behalf.

Insofar as the present action concerns Richard O'Neill's claim on his own behalf this court's holding in the *Egan* case applies. The question here is whether the court must dismiss with prejudice the action on behalf of Beth Ann O'Neill because she instituted no action against the United States within six months of the denial of the administrative claim.

The United States relies on 28 U.S.C. § 2401(b), which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it is presented."

The United States' argument is that O'Neill in fact "presented" a "claim" within the meaning of § 2401(b) to the agency and brought no action within six months of the denial of the "claim," and that therefore Beth Ann O'Neill's action is barred.

■ The government's argument ignores 28 U.S.C. § 2679(d)(5) and § 8(d) of the Act, both of which modify the limitations period of § 2401(b). Section 2679(d)(5) provides that "[w]henever an action" in which "the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a)," the "claim" shall be "deemed to be timely presented under section 2401(b)" if certain conditions have been met.

These conditions for timely presentation of a claim such as Beth Ann O'Neill's that accrued before November 18, 1988 are defined in section 8(d) of the Act. As discussed in the *Egan* case, this section provides that "the period during which the claim shall be deemed to be timely presented" under section 2679(d)(5) "shall be that period within which the claim could have been timely filed under applicable State law, but in no event shall such period exceed two years from the date of the enactment of this Act."

The "claim" referred to in section 8(d) as being "deemed to be timely presented" is, of course, a claim against the United States. However, the "claim" mentioned in the clause "within which the claim could have been timely filed under the applicable State" law must refer to the filing of a state law claim against an employee, here McFadden, because the United States may not be sued in state court.

■ Thus, under § 2679(d)(5) Beth Ann O'Neill's present claim against the United States would have been timely filed because she filed her state claim against McFadden within the applicable New York limitations period. Under that section she then will have 60 days from the date of this court's dismissal to present her claim against the United States to the National Park Service.

The sole remaining question is whether the court should dismiss her present action against the United States for failure to present an administrative claim pursuant to § 2675(a). Section 2675(a) provides in pertinent part that an "action shall not be instituted upon a claim against the United States" for damages for injury caused by negligence of a government employee acting within the scope of employment "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the claim has been denied, or not acted on within six months.

Beth Ann O'Neill had two claims that accrued before the enactment of the Act.

One claim was against the United States. The other was against McFadden, and the action upon it was properly brought in state court. Upon certification by the Attorney General's designee, the action against McFadden was transmogrified into an action "deemed an action against the United States." *See* 28 U.S.C. § 2679(d)(1). In addition, because under that section, the United States was "substituted as the party defendant," the claim against the employee became at the moment of certification a claim against the United States. This second claim against the United States, the transformed McFadden claim, is not the same claim presented by Beth Ann O'Neill to the Park Police on July 15, 1987. If it were, Congress need not have established § 2679(d)(5) to provide a special limitations period for "such a claim" against the United States.

 Moreover, the act of certification must be construed to have "instituted" the action "upon" the second claim against the United States within the meaning of § 2675(a). Before certification both the action and the claim were against the employee. Thus, the first claim against the United States is now barred by § 2401 because Beth Ann O'Neill presented the claim with the Park Service and failed to institute an action on it within six months of its denial. But this second claim against the United States has never been "presented" to the federal agency within the meaning of § 2675(a). The present action "instituted" on this second claim against the United States must therefore be dismissed under that section for failure to exhaust administrative remedies.

The government may argue that under § 2675(a) there can be only one "claim" presented against the United States. To adopt that reasoning would be to accept what the Court of Appeals for the Second Circuit has rejected, namely, the "familiar one-word-one-meaning (or 'pigs is pigs') fallacy,' which 'would compel the conclusion that a clotheshorse is an animal of equine species, and make it impossible to speak of drinking a toast.'" *R.H. Johnson & Co. v. Securities & Exchange Commission,* 198

F.2d 690, 696 (2d Cir.1952), *cert. denied,* 344 U.S. 855, 73 S.Ct. 94, 97 L.Ed. 664.

There is nothing in the language of the Act inconsistent with the court's interpretation. On the contrary, it would make no sense to allow the Egans to have the benefit of the state statute of limitations and to deny it to Beth Ann O'Neill. The House Committee Report proposing what became the Act describes the pertinent wording of section 8(d) of the Act as follows. "The section also ensures that in those States where a claim has accrued prior to the date of enactment, plaintiffs covered by the Act would have the benefit of the pertinent State statute of limitations." H.R. No. 700, 100th Cong.2d Sess. 9 (1988), *reprinted in* 1988 U.S.Code Cong. & Admin. News 5953.

This court can think of no reason in policy to make a distinction between this case and the *Egan* case. Indeed, O'Neill was more assiduous than the Egans. She at least filed a claim. The Egans did nothing. At the time neither could have conceived that their rights against McFadden could have been prejudiced. The Act had not yet been passed.

The fact that an earlier claim was filed for Beth Ann O'Neill and no action "instituted" on it against the United States did not prejudice the United States. Indeed, if anything the failure of the Egans to alert the United States to the existence of their claim until after the Assistant United States Attorney was apprised of their State court action against McFadden was potentially more prejudicial to the United States' defense of its position than the early notice by O'Neill to the United States.

The court holds that since neither Beth Ann O'Neill nor her father have yet to present a "claim" against the United States within the meaning of 28 U.S.C. §§ 2401(b), 2675(a), and 2679(d)(5) the complaint is dismissed without prejudice. The claim in the complaint, now deemed to be against the United States, is deemed timely presented under § 2679(d)(5) because it would have been timely when the state action commenced in May 22, 1989 (before the state statute of limitations had run) provided

that the claim is now presented to the appropriate Federal agency within 60 days after this order of dismissal. In the event the United States denies the claim or fails to dispose of it within six months, plaintiffs may serve and file an amended complaint alleging compliance with the prerequisites of 28 U.S.C. § 2679(d)(5).

So ordered.