**Rachel FILASKI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 91–2269.**

United States District Court, E.D. New York.

Oct. 31, 1991.

---

1. The case at bar was commenced on or about February 27, 1991.

Weinblatt, Jampol & Fabrizio by David R. Jampol, Hauppauge, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. Annemarie P. McAvoy, Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

In the above-referenced action, Rachel Filaski ("plaintiff") seeks damages arising out of an automobile accident with Angelo Buonconsiglio, a revenue officer for the Internal Revenue Service ("IRS"). Although plaintiff commenced a lawsuit against Buonconsiglio individually in state court, the United States ("defendant") thereafter removed the action to this Court and substituted itself as the party defendant. See 28 U.S.C. § 2679(d). Currently before the Court is defendant's motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for failure to file an administrative claim. See 28 U.S.C. § 2675(a). For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff allegedly sustained injuries as a result of a car accident with Angelo Buonconsiglio on June 15, 1990. Thereafter, plaintiff commenced an action in state court against Buonconsiglio. Upon certification by the United States Attorney that Buonconsiglio was acting within the scope of his employment at the time of the accident, the case was removed to this Court and defendant was substituted as the sole defendant. See 28 U.S.C. § 2679(d). To date, no administrative claims have been filed by plaintiff. Based on that failure, defendant moves to dismiss.

In opposition to the motion to dismiss, plaintiff essentially relies upon Kelley v. United States, 568 F.2d 259 (2d Cir.), cert. denied, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). The Kelley court reasoned that a removed action need not be dismissed for failure to file an administrative claim where the statute of limitations for filing the claim had already expired, but where the state suit had been filed within the appropriate time frame. See id. Thus, the issue in the case at bar can be stated simply, to wit: when a plaintiff commences a tort action in state court against an individual, without knowledge that the individual was a federal employee acting within the scope of his employment, upon removal to federal court and substitution of the United States as defendant is the action subject to dismissal for failure to file an administrative claim? In this Court's view,

for the reasons stated below the question must be answered in the affirmative.

## DISCUSSION

█ Pursuant to the Federal Tort Claims Act, ("FTCA" or "the Act"), the United States is subject to suit for, *inter alia,* certain tort claims. *See* 28 U.S.C. §§ 1346(b), 2675(a). However, as a condition of that waiver of sovereign immunity, an administrative claim must be filed with the appropriate agency and denied before a federal court may exercise subject matter jurisdiction over the controversy. *See* 28 U.S.C. § 2675(a). In other words, the filing of the administrative claim is a jurisdictional prerequisite to bringing suit under the Act. *See In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 194, 196 (2d Cir.1987).

█ As noted briefly above, plaintiff herein argues that under *Kelley,* where a plaintiff brings a state court action against a federal employee, "in good faith, his action may not be dismissed after removal to Federal Court under 42 [sic] U.S.C. § 2679 because of that Plaintiff's failure to file a Notice of Claim...." *See* Plaintiff's Memo. at 2. However, this Court agrees with defendant to the extent that the 1988 amendments to the FTCA overrule the reasoning of *Kelley. See* 28 U.S.C. § 2679(d)(5), *as amended* by Pub.L. 100–694, 102 Stat. 4563 (1988); *Egan by Egan v. United States,* 732 F.Supp. 1248, 1249 (E.D.N.Y.1990).

Aside from her reliance on *Kelley,* plaintiff argues that it would be unfair to impose the burden of an administrative claim upon her since she never knew Buonconsiglio was a federal employee. *See* Aff. of Stephen N. Strauss. However, pursuant to § 2675(a) of the Act:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

shall have been finally denied by the agency ... The failure of an agency to make final disposition of a claim within six months after it is filed shall, ... be deemed a final denial of the claim....

28 U.S.C. § 2675(a). Thus, in the situation where a plaintiff knows of the "federal identity" of a tortfeasor and proceeds accordingly, the claim must first be filed with the appropriate agency. *Id.* Denial of the claim in writing *or* a failure of the agency to act within six months allows that plaintiff to commence an action in district court. *Id.*

Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States must be presented to the appropriate agency within two years of the accrual of the claim. However, as to a situation in which the United States is substituted as defendant, like the case at bar, the FTCA provides protection for the plaintiff who has no knowledge of the federal presence in a case. More specifically, the Act states:

Whenever an action or proceeding *in which the United States is substituted as the party defendant* under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—

(A) The claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5) (emphasis added). Thus, plaintiff's claim herein will not be time-barred even if dismissed provided that she commenced her state court action within two years of the date of the accident, which she appears to have done, and provided that she present her claim to the appropriate federal agency within sixty days from this dismissal. *Id.*

In *Egan,* the plaintiff had similarly commenced a state court action against an individual federal employee, and the action was similarly removed to federal court with

the United States substituted as defendant. *See Egan,* 732 F.Supp. at 1249. In addition, the plaintiff had not filed an administrative claim. *Id.* After a comprehensive and insightful analysis of the 1988 amendments to the FTCA, the court determined that the complaint had to be dismissed without prejudice to allow the plaintiff to present a claim within sixty days to the appropriate agency. *See id.* at 1253–54. Although neither party cited *Egan,* an identical result is required herein. Accordingly, the complaint is dismissed without prejudice. Plaintiff may, in accordance with the FTCA, present a claim to the appropriate *federal agency* within sixty days of the date of this Order. *See* 28 U.S.C. § 2679(d)(5)(B). Upon a denial of the claim, or a failure of the agency to act upon the claim within six months of its presentation, plaintiff may serve an amended complaint including allegations of compliance with § 2679(d)(5), and thereby restore the action.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is granted. Accordingly, the complaint is dismissed without prejudice consistent with the Court's reasoning in this opinion. The Clerk of the Court is directed to close the file in this case, subject to restoration as noted above.

SO ORDERED.