James P. BRASKY, Plaintiff,

v.

Deborah S. JERMAIN, Defendant.

No. 94–CV–0556A(H).

United States District Court,
W.D. New York.

May 22, 1995.

Roger T. Davison, East Aurora, New York, for plaintiff.

Patrick H. Nemoyer, United States Attorney, Mark S. Perla, Assistant United States Attorney, Buffalo, New York.

**DECISION AND ORDER**

HECKMAN, United States Magistrate Judge.

The parties have consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case, including the entry of judgment. Pending before the court is the government's motion to be substituted as party defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2) (Item 2). The government has also moved to dismiss the case for lack of subject matter jurisdiction (Item 2).

For the following reasons, it is ordered that the United States be substituted as par-

ty defendant. It is further ordered that the government's motion to dismiss be granted.

## BACKGROUND

This is an action for money damages for personal injuries sustained by plaintiff, James P. Brasky, as a result of an automobile accident that took place on May 31, 1990, in the town of Freedom, New York. Plaintiff initially filed this law suit against Deborah S. Jermain in New York State Supreme Court, Erie County, in February of 1993—two years and nine months after the incident (Item 3).

On July 27, 1994, Patrick H. NeMoyer, United States Attorney for the Western District of New York, certified that Jermain was acting within the scope of her employment as a census taker for the United States Department of Commerce at the time of the accident. On July 29, 1994, the government filed a petition for removal to the United States District Court for the Western District of New York under the Federal Tort Claims Act ("F.T.C.A." or "the Act"), 28 U.S.C. § 2679(d)(2). The defendant now moves for substitution of the United States as the party defendant under 28 U.S.C. § 2679(d)(2) and, to dismiss the case against the United States for lack of subject matter jurisdiction.

Plaintiff has not responded to the pending motions.

For the following reasons, it is ordered that the United States be substituted as party defendant in this action. It is further ordered that the government's motion to dismiss be granted.

## DISCUSSION

The F.T.C.A. accords absolute immunity to federal employees from common law tort claims when the alleged actions forming the basis of the complaint were committed within the scope of their employment. In such cases, the United States waives its sovereign immunity and the plaintiff is allowed to pursue a claim directly against the government, pursuant to the guidelines of the F.T.C.A. This is a plaintiff's exclusive remedy. The Act provides as follows:

> The remedy against the United States ... for injury or loss of personal property, or personal injury or death arising or resulting from the negligent ... act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim ... Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee ... is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). The statute further directs that:

> Upon certification of the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a state court shall be removed ... and the United States shall be substituted as party defendant.

28 U.S.C. § 2679(d)(2). The Attorney General has delegated her authority to certify that a federal employee was acting within the scope of his office or employment to the various United States Attorneys. *See* 28 C.F.R. § 15.2.

### A. Motion to Substitute the United States as Party Defendant

■ The first issue that must be addressed is whether the language of § 2679(d)(2) mandates that the United States be substituted as defendant after certification, or whether the district court may review, *de novo*, the United States Attorney's determination that the defendant was acting within the scope of his or her employment. Although there is a split among the circuits courts, it is well settled in the Second Circuit that a district court may conduct such a review. *McHugh v. University of Vermont*, 966 F.2d 67 (2d Cir.1992) (due process requires that a *de novo* review be available to the plaintiff); *contra Johnson v. Carter*, 983 F.2d 1316, 1320 (4th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct 57, 126 L.Ed.2d 27 (1993)

(giving conclusive effect to the Attorney General's scope of employment certification).

■ However, in order to conduct a *de novo* review, the district court must have before it, "the government's motion for substitution and *opposing papers from the plaintiff that allege with particularity facts relevant to the scope-of-employment issue.*" *McHugh v. University of Vermont,* supra, 966 F.2d at 74. Here, plaintiff has not filed a response to defendant's motion. Thus, the court concludes that plaintiff is conceding that Deborah S. Jermain was acting within the scope of employment.

Accordingly, it is ordered that the United States be substituted as the party defendant to this action (Item 2).

## B. Motion to Dismiss

The issue now becomes whether plaintiff's action can be maintained against the United States. The government argues that it cannot be maintained because the court lacks subject matter jurisdiction.

■ The F.T.C.A. requires, as a jurisdictional prerequisite, that a claimant first pursue and exhaust an administrative claim before filing a cause of action in federal court:

> An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate federal agency in writing....

28 U.S.C. § 2675(a). Failure to file an administrative claim is a jurisdictional defect that cannot be waived. *Adams by Adams v. U.S. Dept. of Housing and Urban Development,* 807 F.2d 318, 321 (2d Cir.1986); *Filaski v. United States of America,* 776 F.Supp. 115, 117 (E.D.N.Y.1991).

■ The government contends that plaintiff has not filed an administrative claim with the Department of Commerce (Item 2, exhibit B). As plaintiff has not responded, it must again be assumed that this fact is not in dispute. Thus, the court lacks subject matter jurisdiction over this case unless and/or until plaintiff exhausts his administrative remedies.

Under the F.T.C.A., the administrative claim must be filed within two years of the incident or it will be barred by the applicable federal statute of limitations. 28 U.S.C. § 2401(b). Here, more than two years have passed since the incident, as the car accident took place on May 31, 1990.

However, where a plaintiff files his or her claim in state court only later to have it removed to federal court and the United States substituted as party defendant, the Act will allow the plaintiff, in certain instances, to pursue his or her administrative claim despite the passing of the two year limitations period:

> Whenever an action or proceeding in which the United States is substituted as the party defendant ... is dismissed for failure to first present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed timely presented under section 2401(b) of this title if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

This statute does not save plaintiff's claim in this instance. The accident occurred on May 31, 1990. Plaintiff did not file his state court action until February of 1993—two years and nine months after the claim accrued. Nor are there any equitable considerations tolling the statute of limitation in this case. *See Van Lieu v. United States,* 542 F.Supp. 862 (N.D.N.Y.1982) (plaintiff's claim not barred where defendant purposely concealed the fact that he was a federal employee until after statute of limitation ran).

Accordingly, it is ordered that the government's motion to dismiss (Item 2) be granted.

## CONCLUSION

For the foregoing reasons, it is ordered that the United States be substituted as party defendant in this case. It is further or-

178

dered that the government's motion to dismiss be granted (Item 2).