**Sheila ARBOUR, Representative and Wife of the Decedent, Victor E. Arbour, Plaintiff,**

v.

**Eugene JENKINS, J.T. Smith, Edward Novak, Charles Kehoe, Defendants.**

Civ. A. No. 88–CV–70380–DT.

United States District Court, E.D. Michigan, S.D.

May 26, 1989.

Lance A. Fertig, Birmingham, Mich., for plaintiff.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for defendants.

OPINION AND ORDER OF DISMISSAL

DUGGAN, District Judge.

Plaintiff Sheila Arbour, on behalf of the estate of Victor Arbour, a former postal employee, brought this lawsuit (thereafter removed from state court) asserting job-related, common law tort claims against the named defendants, postal employees and Victor Arbour's superiors. On January 6, 1989, then U.S. Attorney Roy C. Hayes, as designee for the Attorney General, certified in writing to the Court that, in connection with plaintiff's claims, defendants had acted "within the scope of their employment as employees of the United States...." Accordingly, the United States presently moves to be substituted as the party defendant, in lieu of the named defendants, and for dismissal of this action, pursuant to 28 U.S.C. § 2679, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. 100–694, 102 Stat. 4564 (1988) (hereafter "Act"). Plaintiff opposes such motions and, in turn, has filed a motion to compel discovery.

The Act provides in relevant part:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). Furthermore, [u]pon certification by the Attorney General that the defendant employee was

acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Finally, the Act indicates:

Upon certification, any action or proceeding subject to [subsection (d) ](1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions.

28 U.S.C. § 2679(d)(4).

One applicable limitation reads, in part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). In this case it is undisputed that the claims now before the Court were *not* presented to the appropriate agency and, necessarily, were *not* administratively denied.

In short, the plain language of the various provisions quoted above leads the Court to conclude that as a matter of law,

plaintiff's remedy if any, is against the United States pursuant to the procedures prescribed in the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, including the unfulfilled requirement that she exhaust administrative remedies. 28 U.S.C. § 2675(a).[1] Plaintiff's contention does not counsel otherwise.

In essence, plaintiff does not adopt a contrary construction of the pertinent statutory provisions; rather, she maintains that the government's motions are premature. In this vein, plaintiff argues that further discovery is warranted to determine if, in fact, the named defendants were "acting within the scope of their employment" as has been certified to the Court.[2]

In this Court's opinion, the Attorney General's certification is not subject to judicial review. The Court considers it significant that Congress made provision for court certification in the event the Attorney General *refuses* certification, see 28 U.S.C. § 2679(d)(3), but made no provision for review of the decision to *grant* certification. Also significant is the following language: "[C]ertification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Prior to the recent amendment, the Court was authorized to conduct a hearing to determine if the case was properly removed, *i.e.*, to determine by implication, whether the alleged tortfeasor was acting within the scope of employment. In sum, the Court is unwilling to infer, as does plaintiff, that it may review the Attorney General's certification.

For the reasons stated,

IT IS ORDERED that the United States' Motions for Substitution of Parties and Dismissal are GRANTED;

---

**1.** The Court notes that plaintiff's failure to file for administrative relief does not, necessarily, preclude later judicial relief. 28 U.S.C. § 2679(d)(5).

**2.** Plaintiff also argues that discovery will reveal whether the named defendants exercised discretion, which she perceives to be required for individual immunity to attach. Because, by virtue of 28 U.S.C. § 2679(d)(1), plaintiff's lawsuit is against the United States, plaintiff's attention

to individual immunity is misguided. Moreover, the Act legislatively overruled *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988) which held that conduct by federal officials must be discretionary in nature, in addition to being with the scope of employment, to be absolutely immune from state law tort liability. *See* Pub.L. 100–694 § 2, 102 Stat. 4564 (1988).

IT IS FURTHER ORDERED that plaintiff's Motion to Compel Discovery is DENIED.