4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila ARBOUR, Personal Representative of the Estate of
Victor Arbour, Plaintiff-Appellant,
v.
Eugene JENKINS, J.T. Smith, Edward Novak, and Charles Kehoe,
Defendants-Appellees,
Sheila ARBOUR, Personal Representative of the Estate of
Victor Arbour, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-2299.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1993.
 
 Before: RYAN and SILER, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Sheila Arbour brought this wrongful death action on behalf of her husband, Victor Arbour ("Arbour"), a former employee of the United States Postal Service in Detroit. Arbour v. Jenkins, 713 F.Supp. 229 (E.D.Mich.1989) ("Arbour I") was brought against four individual postal employees including three supervisors of Arbour and a labor relations representative for the Post Office. It was remanded in Arbour v. Jenkins, 903 F.2d 416 (6th Cir.1990). Arbour II is the same case, but brought against the United States under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. Secs. 1346(b) and 2671 et seq. These cases have been combined on appeal. For the following reasons, we affirm the district court and find that: (1) Arbour I was properly dismissed, as the federal employees acted within the scope of their employment, and plaintiff failed to exhaust administrative remedies; and (2) Arbour II is dismissed because it is preempted by the provisions of the Civil Service Reform Act of 1978 ("CSRA").
 
 I.
 
 2
 In Arbour I, plaintiff alleged that defendants had inflicted emotional distress upon her husband by: (1) denying his applications for emergency leave; (2) bringing disciplinary actions against him; (3) withholding scheduled pay raises; (4) referring him to safety and substance abuse programs; (5) forcing him to wear safety gear; and (6) intentionally locking him inside a maintenance garage. Plaintiff alleged the tortious conduct caused Arbour to suffer a mental collapse and proximately caused his death in an automobile accident. Defendants filed a motion to substitute the United States as the proper party, accompanied by an authorized certificate submitted by the United States Attorney ("USA") stating defendants had been acting within the scope of their employment. The district court granted the motion to substitute the United States as the proper party and dismissed the suit because of plaintiff's failure to exhaust administrative remedies. Arbour v. Jenkins, 713 F.Supp. 229. The district court ruled the USA's scope certification non-reviewable. On appeal, this court: (1) found the scope certification reviewable; (2) reversed the order of substitution; and (3) remanded this action for determination of whether the defendants' actions were within the scope of their employment. Arbour v. Jenkins, 903 F.2d 416.
 
 
 3
 Meanwhile, after the dismissal of Arbour I, plaintiff filed an administrative claim under the FTCA seeking recovery for the alleged wrongful death. Upon denial of this claim, plaintiff filed Arbour II, under the FTCA, naming the United States as defendant and alleging the same tortious conduct. Arbour I and Arbour II were consolidated for purposes of discovery and pretrial matters.
 
 
 4
 Defendants filed motions to dismiss, or, in the alternative, for summary judgment. In Arbour I, defendants argued that the United States should be substituted as the interested party pursuant to the Westfall Act, 28 U.S.C. Sec. 2679, and that the action should be dismissed due to plaintiff's failure to exhaust her administrative remedies pursuant to the FTCA, 28 U.S.C. Sec. 2675. Then in Arbour II, defendant argued that there was no genuine issue of material fact as to whether the alleged conduct was sufficiently outrageous to constitute the tort of intentional infliction of emotional distress, and that the district court lacked jurisdiction because of preemption by the CSRA.
 
 
 5
 The district court granted defendants' motions. In Arbour I, the court: (1) found defendants acted within the scope of their employment; (2) substituted the United States as the proper defendant; and (3) dismissed the FTCA claims due to plaintiff's failure to exhaust administrative remedies. In Arbour II, the court rejected defendant's preemption arguments based on the provision of the CSRA and other federal grounds, but granted summary judgment on grounds that plaintiff failed to establish a genuine issue of material fact as to the "extreme and outrageous conduct" element of the intentional infliction of emotional distress claim.
 
 II.
 
 6
 The Westfall Act, 28 U.S.C. Sec. 2679(b)(1), provides an exclusive remedy against the United States for injuries arising from "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." In effect, the Westfall Act provides absolute tort immunity to all federal employees acting within the scope of their employment.
 
 
 7
 Scope of employment is a question of law, see Brown v. Armstrong, 949 F.2d 1007, 1011-12 (8th Cir.1991), to be determined by the law of the state where the wrongful employment conduct occurs. See Arbour v. Jenkins, 903 F.2d at 421-422. To determine the scope of employment, the question is whether the employee's acts are a part of or in furtherance of his or her employment. Kemerer v. United States, 330 F.Supp. 731, 733 (W.D.Pa.1971), aff'd, 474 F.2d 338 (3d Cir.1973). In Michigan, lower level officials, employees and agents are immune from tort liability when they: (1) acted in good faith; (2) during the course of their employment; (3) within the scope of their authority; and (4) performed discretionary rather than ministerial acts. Ross v. Consumers Power Co., 363 N.W.2d 641 (Mich.1984).
 
 
 8
 Plaintiff failed to present any specific, probative evidence that the defendants acted outside the scope of their employment. For example, the denial of emergency leave, withholding of pay raises and taking of pictures for accident reports were each personnel actions within the scope of the individual defendants' position authority. The only questionable action was the lock-up incident which was never proven to have been carried out by any of the defendants. All of the alleged improper actions were taken in furtherance of the employer's interest. See Woods v. McGuire, 954 F.2d 388 (6th Cir.1992). Accordingly, as defendants were federal employees acting within the scope of their employment, the United States was properly substituted as a party to this action in order to provide absolute immunity to the defendants. See 28 U.S.C. Sec. 2679.
 
 
 9
 Furthermore, the Attorney General's certification (through the USA) of the United States as a party to the action was prima facie evidence that the employees' challenged conduct was within the scope of their employment. See 28 U.S.C. Sec. 2679(d)(1); Brown, 949 F.2d at 1012. Summary judgment is appropriate for resolving challenges to an Attorney General's certification unless the plaintiff presents specific evidence that the employee's actions were not taken within the scope of his or her employment. Kelly v. United States, 924 F.2d 355, 357 (1st Cir.1991). Thus, in light of plaintiff's failure to present sufficient evidence that defendants acted outside the scope of their employment, the district court properly granted summary judgment.
 
 
 10
 An action for monetary damages for injury or death caused by the wrongful act or omission of a federal employee while acting within his scope of employment shall not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. Sec. 2675(a). Thus, plaintiff must proceed against the United States pursuant to the procedures in the FTCA, including the requirement that she exhaust administrative remedies. Id. As plaintiff's claims were construed as tort claims against the United States, the action was properly dismissed for plaintiff's failure to exhaust administrative remedies. Arbour v. Jenkins, 713 F.Supp. at 230.
 
 III.
 
 11
 The Civil Service Reform Act of 1978 provides for administrative and judicial review affording government employees remedies for prohibited practices and procedures. See 5 U.S.C. Sec. 7501 et seq.; Ryon v. O'Neill, 894 F.2d 199, 202-03 (6th Cir.1990). The Postal Reorganization Act ("PRA"), 39 U.S.C. Secs. 1001-1011, 1201-1209, governs employment relations within the Postal Service. Section 1005(a)(1) provides that the provisions of Chapter 75 of the CSRA, 5 U.S.C. Sec. 7501 et seq., apply to Postal Service employees, except to the extent that any inconsistency with the provisions of the employee's collective bargaining agreement of procedures established by the Postal Service. The PRA also allows the Postal Service to adopt comprehensive binding arbitration provisions in its collective bargaining agreements with its employees. The collective bargaining agreement ("Agreement") governing Arbour's employment with the Postal Service provided for the arbitration of grievances including any "dispute, difference, disagreement, or complaint between the parties related to wages, hours, and conditions of employment." The Agreement set out CSRA procedures to be used when challenging such employment actions.
 
 
 12
 On behalf of her deceased husband, plaintiff filed the wrongful death action alleging several incidences of wrongful conduct by Arbour's employer. Each of the allegations represented some type of dispute or difference related to wages, hours, and conditions of employment. In fact, Arbour had relied on the CSRA provisions to successfully challenge prior removal actions brought against him by the Postal Service. Thus, the CSRA provisions and the Agreement's arbitration procedures provided plaintiff with a means of challenging each of the allegations of wrongdoing referred to in her complaint. As such, the CSRA preempted the grounds offered by plaintiff in her suit.
 
 IV.
 
 13
 For the foregoing reasons, the district court's decision is AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation